# EXHIBIT A

(This form replaces CCMD 0637-2 thru 6)                                    (Rev. 3/16/01)  CCM 0637

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### _SECOND_   MUNICIPAL DISTRICT

ROBERT GOLDEN

                                    **Plaintiff**

                    v.                                  }   No. _2014 M2 001791_

LANNY GIBRICK

                                    **Defendant**

### ORDER

This matter having come before the court, the court having jurisdiction as being fully advised in the premises:

**IT IS ORDERED AS FOLLOWS:**

4219 ☐
4001 ☒  **XP Default Judgment for Plaintiff For $** _16,374.²³_ **and Costs.**
9207 ☐  **Payment Plan ☐ yes ☐ no.**
9293 ☐  **Assess costs** _____

4002 ☐  **XP Default Judgment for Defendant For $** _____ **and Costs.**
4219 ☐  **(on counter complaint or third party complaint)**
4293 ☐  **4293 Assess costs** _____

4001 ☒  **XP Default Judgment For Plaintiff**

4301 ☐  **XP Default Judgment for specific Litigant**
4219 ☐
8001 ☐  **Judgment for Plaintiff after trial for $** _____ **and Costs.**
9207 ☐  **Payment Plan ☐ yes ☐ no.**
4293 ☐  **Assess costs** _____

8002 ☐  **Judgment for Defendant after Trial**

8301 ☐  **Judgment for Specific Litigant after Trial in favor of**

_____ **For $** _____ **and Costs.**

Associate Judge Jeffery L. Warnick
DEC 1 6 2014
Circuit Court-2024

☒  **See Attached Order** _Judgment itemized as follows:_  _$8,000 compensatory damages_
_$5,000 punitive damages for fraud_
_$3,374.23 in attorney's fees and costs._

Atty. No. _38354_

Name: _Brendan Appel_                         **Enter:** _____, _____

**Attorney For:** _Plaintiff_

**Address:** _191 Waukegan Rd Ste 360_                    Associate Judge Jeffery L. Warnick

**City/Zip:** _Northfield IL 60093_          **Judge**          DEC 1 6 2014 **Judge's No.**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**     Circuit Court-2024

3315        (Rev. 6/11/02) CCG 0015
**Memorandum of Judgment**

**IN THE CIRCUIT COURT OF
COOK COUNTY, ILLINOIS**

Robert Golden

v.

Lanny Gibrick d/b/a Alan's
Draperies, Inc.

Image# 053743750001 Type: JUD
Recorded: 03/11/2015 at 12:20:14 PM
Receipt#: 2015-00013958
Page 1 of 1
Fees: $29.00
Lake County IL Recorder
Mary Ellen Vanderventer Recorder
File **7176767**

Recorder's Stamp

No. 14 M2 001791

## MEMORANDUM OF JUDGMENT

On December 16 _____, 2014 _____, judgment was entered in this court

in favor of the plaintiff Robert Golden _____

and against defendant Lanny Gibrick, Alan's Draperies, Inc.

whose address is 501 Thorndale Dr., Buffalo Grove, IL 60089 AND 1912 Raymond Drive, Northbrook, IL 60062

in the amount of $ 16,374.23 and costs _____.

ENTERED

FEB 11 2015

CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Atty. No.: 38354 _____

Name: Law Offices of Brendan R. Appel, P.C.

Atty. for: Plaintiff

Address: 191 Waukegan Road, Ste. 360

City/State/Zip: Northfield, IL 60093

Telephone: (847) 730-4224

Judge                              Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

3315        (Rev. 6/11/02) CCG 0015
Memorandum of Judgment

Doc#:  1504256001 Fee: $40.00
Karen A. Yarbrough
Cook County Recorder of Deeds
Date: 02/11/2015 10:32 AM Pg: 1 of 1

IN THE CIRCUIT COURT OF
COOK COUNTY, ILLINOIS

Robert Golden

v.

Lanny Gibrick d/b/a Alan's
Draperies, Inc.

Recorder's Stamp

No.  14 M2 001791

## MEMORANDUM OF JUDGMENT

On  December 16 _____, 2014 _____, judgment was entered in this court

in favor of the plaintiff  Robert Golden _____

and against defendant  Lanny Gibrick, Alan's Draperies, Inc.

whose address is  501 Thorndale Dr., Buffalo Grove, IL 60089 AND 1912 Raymond Drive, Northbrook, IL 60062

in the amount of $  16,374.23 and costs _____.

Atty. No.: 38354
Name:  Law Offices of Brendan R. Appel, P.C.
Atty. for:  Plaintiff
Address:  191 Waukegan Road, Ste. 360
City/State/Zip:  Northfield, IL 60093
Telephone: (847) 730-4224

Judge

Judge's No. 1865

ENTERED
FEB 11 2015
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT B

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
_____ MUNICIPAL DISTRICT

Robert Golden

**Plaintiff**

v.

Lanny Gabriel

**Defendant**

No. 14 M2 1791

## ORDER

This matter having come before the court, the court having jurisdiction and being fully advised in the premises:

IT IS ORDERED THAT: Due to Defendants Bankruptcy filing; Defendant Claiming Wildcard exception;

9404 ☐ CITATION TO ISSUE

9403 ☐ CITATION: Return Date _____ Room _____

9405 ☐ CITATION: Continued to _____ Room _____

9406 ☒ CITATION: Dismissed to respondent Chase Bank, Chase Bank shall release uncounted escrow funds to Defendant

9262 ☐ RULE: To Issued

9262 ☐ RULE: Return Date _____ Room _____

9412 ☐ RULE: Continued To _____ Room _____

9413 ☐ RULE: Dismissed _____

9400 ☐ WRIT OF ATTACHMENT Issue

4309 ☐ BOND Set At $ _____

9401 ☐ WRIT OF ATTACHMENT Continued to _____

9402 ☐ WRIT OF ATTACHMENT Dismissed _____

4575 ☐ ORDER FOR TRO allowed _____

☐ WAGE DEDUCTION/GARNISHMENT Against _____

   9408 ☐    Issued: Return Day _____ Room _____

   9409 ☐    Continued To _____ Room _____

   9410 ☐    Garnishee Defendant Dismissed _____

   9411 ☐    Judgment against garnishee defendant $ _____

   ☐ CONDITIONAL JUDGMENT AGAINST _____

   9311 ☐    GARNISHEE DEFENDANT $ _____

   4288 ☐    Summons To Confirm Return Day _____ Room _____

   9205 ☐    Judgment Confirmed Against _____

Atty. No.: _____

Name: Andrew Yourn

Atty. For: Defendant

Address: 33 N. County St

City/Zip: Waukegan, IL 60085

Telephone: 847-327-8900

Enter: _____

Roger G. Fein 1055

Judge                          Judge's No.

ENTERED
JUL 16 2019
DORO[THY BROWN]
CLERK OF THE CIRCUIT COURT
DEPUTY CLERK COOK COUNTY COURT

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT C

## United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | A. Benjamin Goldgar | CASE NO. | 15 B 23651 |
|---|---|---|---|
| **DATE** | February 16, 2018 | **ADVERSARY NO.** | 16 A 14 |
| **CASE TITLE** | Robert Golden v. Lanny R. Gibrick | | |
| **TITLE OF ORDER** | Order granting plaintiff Robert R. Golden's motion for sanctions | | |

**DOCKET ENTRY TEXT**

The balance of Robert Golden's motion to compel and for sanctions is granted. Defendant Lanny Gibrick's answer to the adversary complaint will be stricken and a default judgment entered against him declaring that his debt to Golden in the amount alleged in the complaint is nondischargeable.

**[For further details see text below.]**

### STATEMENT

Before the court for ruling in this adversary proceeding is balance of a motion to compel and for sanctions that plaintiff Robert Golden filed against defendant Lanny Gibrick in 2016. Only the sanctions portion remains. For the reasons below, that portion will be granted. Gibrick's answer will be stricken, and a default judgment entered against him on the complaint.

#### 1. Background

The relevant facts are taken from the court's docket and Golden's supplemental memorandum in support of his motion. The facts are not in dispute.

Gibrick's chapter 7 case began life in July 2015. In January 2016, Golden filed an adversary complaint against Gibrick alleging that Gibrick owed him a debt nondischargeable under section 523(a)(2)(A) of the Code. The debt arose out of Gibrick's agreement to furnish and install window treatments at Golden's residence. The window treatments were never installed. Instead, Golden alleges, Gibrick closed his business, took Golden's deposit, and ran.

After Gibrick answered the complaint, Golden began taking discovery, serving Gibrick with interrogatories and a document request. When Golden failed to sign his interrogatory answers or provide any written response to the document request, Gibrick moved to compel proper responses. Part of the motion sought sanctions for what Golden termed Gibrick's

## STATEMENT

"spoliation of evidence." Gibrick no longer had any text messages relating to the transaction with Golden because, he said, he had changed cell phones. That was the alleged spoliation.

On November 18, 2016, the court granted the motion in part and continued it in part. The request to compel discovery responses was granted, and Gibrick was ordered to serve a proper response to the document request, to produce documents in response to the request, and to serve proper, signed and sworn interrogatory answers. The sanctions request was continued and set for further briefing. In his reply memorandum, Golden indicated that Gibrick's deposition would be necessary.

Meanwhile, on December 2 or thereabouts, Gibrick provided a written response to the document request and produced a few pages of documents. In response to Golden's requests for documents relating to (1) orders made on Golden's behalf, (2) the installation at Golden's home, (3) communications relating to Golden, and (4) Gibrick's bank records, Gibrick responded: "No such documents exist to my knowledge." Attached to the response was a sworn statement from Gibrick declaring: "I have read the foregoing Responses, which are based on a diligent and reasonable effort by me to obtain information currently available." The statement also declared that "these Responses are true to the best of my present knowledge, information, and belief."

Less than three weeks later, on December 22, 2016, Golden took Gibrick's deposition. Gibrick testified that when he closed his business, he moved the records from the business to his residence in Buffalo Grove where he put them in his garage where he continued operating for a time. Asked whether the records were still in the garage, Gibrick said he didn't know. Asked whether he had searched the garage for the documents, he responded: "No. It's very messy." "So you haven't gone through and looked through the garage for any of this stuff?" the questioning continued. "No," Gibrick said.

Gibrick also testified that he had in fact placed an order for the window treatments with the Hunter Douglas company. But according to Golden, discovery from Hunter Douglas later revealed that Gibrick had placed no orders with the company that year – not for Golden and not for anyone else.

Finally, Gibrick testified that he had changed cell carriers, and when he did so he turned in his phone. As a consequence, he had not saved any of the text messages on the phone.

Gibrick's sanctions request was continued for many months while the parties sought to settle their dispute. When settlement discussions foundered, the court set the sanctions request for supplemental briefing based on the deposition Golden had taken of Gibrick.

In his supplemental memorandum, Golden asserts that Gibrick should be sanctioned and a default judgment entered against him. Golden offers three bases for his request: (1) the Hunter Douglas discovery shows Gibrick perjured himself at his deposition when he said he had placed

# STATEMENT

an order for Golden; (2) Gibrick's deposition testimony shows he committed spoliation of evidence in connection with the disposition of his cell phone; and (3) Gibrick's deposition testimony shows he perjured himself in his sworn statement supplied with his response to Golden's document request when he said he had conducted a "diligent and reasonable" search for documents.  Golden filed no memorandum objecting to the imposition of sanctions.

## 2. Discussion

Gibrick's motion will be granted and Gibrick sanctioned.  The false statement he furnished in response to the document request about his supposedly diligent search is reason enough to impose a severe sanction.  Gibrick's answer will be stricken and a default judgment entered against him on the adversary complaint.

The sources of authority to impose that sanction here are two.  The first is Rule 37.  Fed. R. Civ. P. 37 (made applicable by Fed. R. Bankr. P. 7037).  Rule 37(b)(2)(A)(iv) provides that if a party fails to obey a discovery order, the court may, among other things, render a default judgment against the disobedient party.  Fed. R. Civ. P. 37(b)(2)(A)(iv).  Even in the absence of a discovery order, Rule 37(c)(1) provides that when a party fails to provide information as Rule 26(e) requires – meaning the party fails to supplement his response to a request for production of documents – the court may impose sanctions under Rule 37(b)(2)(A), including entry of a default judgment under Rule 37(b)(2)(A)(iv), unless the party shows the failure was either substantially justified or harmless.  Fed. R. Civ. P. 37(c)(1).

Entry of a default judgment is permitted under Rule 37 upon a finding of willfulness, bad faith, or fault, provided the court first considers and explains why lesser sanctions would be inappropriate.  *Heckler & Koch, Inc. v. German Sport Guns GmbH*, No. 11-CV-01108-SEB, 2015 WL 4878644, at *10 (S.D. Ind. May 22, 2015), *report and recommendation adopted*, 2015 WL 4878191 (S.D. Ind. Aug. 14, 2015).  "Bad faith" for this purpose means conduct that is either intentional or in reckless disregard of a party's obligations.  *Id.*  "Fault" means "more than a mere mistake" and suggests "objectively unreasonable behavior."  *Id.* (internal quotation omitted).

The other source of authority for entry of a default judgment is the court's inherent authority.  Federal courts have inherent authority "'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Reid v. Wolf (In re Wolf)*, 566 B.R. 233, 235-36 (Bankr. N.D. Ill. 2017) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).  That includes the power "'to fashion an appropriate sanction for conduct which abuses the judicial process.'"  *Id.* at 236 (quoting *Chambers*, 501 U.S. at 44-45).

Sanctions under a court's inherent authority must be awarded "with restraint and discretion," *Chambers* 501 U.S. at 44, but are warranted where a party has acted in "bad faith" – that is, "vexatiously, wantonly, or for oppressive reasons."  *Sell v. Country Life Ins. Co.*, 189 F. Supp. 3d 925, 929 (D. Ariz. 2016) (internal quotation omitted); *see also Chambers*, 501 U.S. at

## STATEMENT

45-46.

A severe sanction is warranted against Gibrick. Gibrick has dragged his feet in responding to Golden's discovery ever since he answered the complaint. His failures to respond properly to Golden's interrogatories and document request necessitated a motion to compel, which was granted. Gibrick was specifically ordered to "serve a proper written response to the document request" and "produce documents [in] response to the request." (Dkt. No. 32). Despite that order, he produced virtually no documents, asserting in his response that no responsive documents existed and swearing separately that the response was the product of "a diligent and reasonable effort . . . to obtain information currently available." But the sworn statement was a lie. Gibrick admitted at his deposition that after he closed his business he had stored records from the business in his garage, and he had never bothered to search the garage for the documents. His sole excuse: "It's very messy."

Gibrick's perjured statement that he had conducted a diligent search for documents was at the very least made in reckless disregard of his obligations as a party to this litigation. It was more than a mere mistake. For that matter, it was more than just objectively unreasonable, especially coming after a court order that required him to obey the rules and respond properly. Gibrick's failure to look for documents in the one place he had stored them after his business closed shows he could not have cared less whether he performed a proper search. Nor could he have cared less whether in the end he produced documents to Golden. His goal was delay, no matter how achieved. Because he has not seen fit to respond to Golden's request for sanctions, Gibrick has also failed to show (as it was his burden to show) that his failure to respond was either harmless or substantially justified. In fact, it was neither.

A sanction less severe than entry of judgment by default, finally, would not be appropriate. Further discovery orders, such as an order requiring Gibrick at long last to search his garage and produce documents, would be insufficient and would serve only to reward his stalling. Equally pointless would be an order barring Gibrick from introducing particular evidence at trial. The problem here is a *defendant's* failure to produce documents to a *plaintiff*. Golden, not Gibrick, will have the burden of proof if the matter went to trial. Gibrick can defend this proceeding, and evidently intends to do so, without taking discovery or introducing any evidence at trial. A monetary penalty – a fine or an award of attorney's fees – would be pointless, as well. Gibrick is a chapter 7 debtor. The likelihood that Golden could recover any monetary penalty from Gibrick (or that Gibrick would ever pay such a penalty to the clerk of the court) is minimal.

The punishment Golden requests fits Gibrick's crime. Given the seriousness of Gibrick's misconduct – not only failing to produce documents after entry of an order to produce them but stating under oath that he had conducted a diligent search for those documents when he had not – the sanction of a default judgment is entirely warranted, both under Rule 37 and under the court's inherent authority. *See, e.g., Sell*, 189 F. Supp. 3d at 944-45 (entering default judgment as a

-4-

## STATEMENT

sanction against defendant that produced no documents and asserted falsely that a "reasonable search" had been conducted).[1]

### 3. Conclusion

For these reasons, the balance of Robert Golden's motion to compel and for sanctions is granted.  Defendant Lanny Gibrick's answer to the adversary complaint will be stricken and a default judgment entered against him declaring that his debt to Golden in the amount alleged in the complaint is nondischargeable.

Dated: February 16, 2018

A. Benjamin Goldgar
United States Bankruptcy Judge

---

[1]      In *Sell*, the court entered a default judgment although the defendant at least conducted a search and produced documents after having been caught in its false statement. *Sell*, 189 F. Supp. 3d at 933.  Gibrick, by contrast, has taken no steps to produce documents to Golden although his lie about making a "diligent and reasonable effort" to search for them was exposed at his deposition over a year ago.

# EXHIBIT D

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

FILED
11/16/2018 10:51 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
20142001791

ROBERT GOLDEN

v.

LANNY GIBRICK, INDIVIDUALLY AND D/B/A ALAN'S DRAPERIES

No. 2014 M2 001791

FILED DATE: 11/16/2018 10:51 AM   20142001791

### CITATION TO DISCOVER ASSETS

To: Lanny Gibrick, 501 Thorndale Drive, Buffalo Grove, IL 60089

**YOU ARE COMMANDED** to appear before Judge JEFFERY L. WARNICK or any judge sitting in his/her stead in Room 202 at the location of 5600 OLD ORCHARD ROAD, SKOKIE, Illinois, on December 13 , 2018 , at 9:30 A. m. to be examined under oath to discover assets or income not exempt from enforcement of a judgment. A judgment in favor of ROBERT GOLDEN and against LANNY GIBRICK was entered on DECEMBER 16 , 2014 (or revived on _____, _____) in the amount of $ 16,374.23 and $ ~~XXXXXX~~ 22,555.97 remains unsatisfied.

**YOU ARE COMMANDED** to produce at the examination:

A completed Income and Assets form attached to this Citation, all documents in Addendum A attached,

and all books, papers or records in you possession or control which may contain information concerning the property or income of, or indebtedness due judgment debtor.

**YOU ARE PROHIBITED** from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which the judgment debtor may be entitled or which may be acquired by or become due to the judgment debtor and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the judgment debtor, until further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment.

**WARNING:** YOUR FAILURE TO APPEAR IN COURT AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.

### CERTIFICATE OF ATTORNEY (OR NON - ATTORNEY)

NOTE: THIS CITATION MUST BE ACCOMPANIED AT THE TIME OF SERVICE BY EITHER A COPY OF THE UNDERLYING MEMORANDUM OF JUDGMENT OR A CERTIFICATION BY EITHER THE CLERK THAT ENTERED THE JUDGMENT OR THE ATTORNEY FOR THE JUDGMENT CREDITOR SETTING FORTH THE FOLLOWING:

In the Circuit Court of Cook County (or other Jurisdiction _____) on DECEMBER 16 , 2014
(specify)
A judgment in the amount of $ 16,374.23 was entered in favor of ROBERT GOLDEN and against LANNY GIBRICK in Case No. 2014 M2 001791 and a balance of $ 19,299.07 remains unsatisfied.

I, the undersigned certify to the Court, under penalties as provided by law pursuant to 735 ILCS 5/1-109 that all information stated herein is true.

Atty. No.: 38354

Name: LAW OFFICES OF BRENDAN R. APPEL

Address: 191 WAUKEGAN ROAD, SUITE 360

City/State/Zip: NORTHFIELD, IL 60093

Telephone: 847-730-4224

_Selwyn Shevin_
(Signature of Attorney)

WITNESS: _____, ____

_____
**Clerk of the Circuit Court**

SEAL

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**ADDENDUM A TO CITATION TO DISCOVER ASSETS**
**<u>DOCUMENTS TO BE PRODUCED</u>**

1.   Copies of state and federal income tax returns for the last three years.

2.   Earnings statements from your last thirty-six (36) months' worth of paychecks or other income to you.

3.   Business records for the present year and past calendar year which reflect assets, liabilities, gross receipts and expenses for any sole proprietorship, partnership, limited liability company or corporation in which you, or your spouse, own any interest.

4.   Current bank statements for the past (36) months from all banks, or other financial institutions, where any sole proprietorship, partnership, limited liability company or corporation in which you, or your spouse, own any interest, has had an account of any kind.

5.   Current bank statements for the past (36) months from all banks, or other financial institutions, where you, or your spouse have an account of any kind.

6.   All trust agreements in which you, or your spouse, are named trustor, trustee or beneficiary.

7.   All deeds, leases, contracts, and other documents representing any ownership interest you, or your spouse, have in any real property, and all deeds of trust, mortgages, or other documents evidencing encumbrances of any kind on your real property.

8.   All stocks, bonds, or other security of any class you may own, by you separately, or jointly with others, including options to purchase any securities.

9.   Titles to all motor vehicles owned or leased by you, your spouse, or any children living at your home.

10.  The payment book or last three months' monthly statements, for any motor vehicle owned or leased by you, your spouse, or any children living at your home.

11.  All life insurance policies in which you are either the insured or the beneficiary.

12.  All promissory notes held by you, and all other documents evidencing any money owed to you either now or in the future.

13.  All deeds, bills of sale, or other documents prepared in connection with any transfer made by you, either by gift, sale, or otherwise, in the last three years.

14.  A schedule of all regular expenses paid by you, such as installment debts, food, utilities, etc.  Include the amount paid, the payee, and, if an installment debt, the amount of debt owing and any security pledged.

FILED DATE: 11/16/2018 10:51 AM    2014200I1791

FILED DATE: 11/16/2018 10:51 AM    20142001791

15.    All documents evidencing any interest you have in any pension plan, retirement fund, or profit sharing plan.

16.    All records pertaining to your assets and finances.

17.    All records of any unincorporated business of which you are an owner or part owner, or have been an owner.

18.    All statements for the past 36 months from any person or entity, including, without limitation, your attorneys, showing any escrow, retainer or account balance.

19.    All applications for credit or loans completed by you or any entity in which you have an interest for the past 36 months including mortgages and/or loan modifications.

# INCOME AND ASSETS FORM

**To Judgment Debtor:** Please complete this form and bring it with you to the hearing referenced in the enclosed citation notice.  You should also bring to the hearing any documents you have to support the information you provide in this form, such as pay stubs and account statements.  The information you provide will help the court determine whether you have any property or income that can be used to satisfy the judgment entered against you in this matter.  The information you provide must be accurate to the best of your knowledge.

If you fail to appear at this hearing, you could be held in contempt of court and possibly arrested.

In answer to the citation and supplemental proceedings served upon the judgment debtor, he or she answers as follows:

## Personal Information

Name: _____

Primary Telephone: _____

Residence: _____
(Address/City/State/Zip)

Date of Birth: _____

Marital Status: _____

Number of Dependents: _____

## Income and Assets

Select any of the following statements that accurately describe your current income and assets.  Complete any of the information that is applicable to the items you select.

❑  A.  I am currently ❑ employed   ❑ self employed.  The name(s) and address(es) of my employers, or my business name and address (if self-employed) is/are as follows:

_____
_____
_____

I earn $ _____   ❑ weekly   ❑ bi-weekly   ❑ annually   ❑ other:

I have the following benefits with my employer(s): _____
_____

❑ B.  I am currently unemployed.  I support myself through (Select all that apply):

❑ Government Assistance at $ _____per month

❑ Unemployment at $ _____per month

❑ Social Security at $ _____per month

❑ SSI at $ _____per month

❑ Pension $ _____per month

❑ Other $ _____per month

❑ C.  I currently own real estate at the following location(s).  (List the address for each parcel of real estate owned as well as the name and address of the mortgage company for each property that has a mortgage on it.  Please use the supplement "Part C" of this form if more space is needed.):

1.  Address: _____

Name/Address of Mortgage Company: _____

FILED DATE: 11/16/2018 10:51 AM   20142001791

FILED DATE: 11/16/2018 10:51 AM   20142001791

2.  Address: _____

Name/Address of Mortgage Company: _____

_____

❑ D.  The following individual(s) and I currently co-own real estate located at (Please use supplement "Part C"
of this form if more space is needed): _____

_____

_____

❑ E.  I have beneficial interest in a land trust.

Name of Trustee: _____

Address of Trustee: _____

The beneficial interest is listed in my name and _____

An assignment of beneficial interest in the land trust was signed to secure a loan from

Name of Lender: _____

Address of Lender: _____

❑ F.  My financial assets are as follows (Select all that apply):

    ❑ Checking Account at _____ with a balance of $ _____

    ❑ Savings Account at _____ with a balance of $ _____

    ❑ Money Market at _____ with a balance of $ _____

    ❑ Certificate of Deposit at _____ with a value of $ _____

    ❑ Safe Deposit Box at _____

    ❑ Stocks /Bonds: _____

    ❑ Other Accounts: _____

        Account Type _____ Financial Institution _____ Balance/Value

❑ G.  I own the following selected items: _____

    ❑ Vehicle: _____

      Year: _____

      Make: _____

      Model: _____

      VIN #: _____

❑ Jewelry (Please provide a detailed description of each item owned): _____

_____

❑ Personal Computer      ❑ DVD Player      ❑ Television

❑ Stove      ❑ Microwave      ❑ Work Tools

❑ Business Equipment      ❑ Farm Equipment

❑ Other property (Please provide a detailed description of each item owned): _____

_____

_____

Signature of Judgment Debtor: _____   Date: _____

## Income and Assets Supplemental Form

FILED DATE: 11/16/2018 10:51 AM   20142001791

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT E

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
2/13/2019 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
20142001791

FILED DATE: 2/13/2019 12:00 AM   20142001791

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
SECOND MUNICIPAL DISTRICT, CIVIL DIVISION**

| | |
|---|---|
| ROBERT GOLDEN, an Individual, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LANNY GIBRICK, an Individual, )<br>d/b/a ALAN'S DRAPERIES, INC., )<br>an Illinois Corporation )<br>(involuntarily dissolved). )<br>)<br>)<br>Defendant. ) | 2014 M2 001791<br><br>Room 202 |

**<u>PLAINTIFF'S PETITION FOR RULE TO SHOW CAUSE FOR INDIRECT CIVIL
CONTEMPT AGAINST DEFENDANT AND FOR OTHER RELIEF</u>**

NOW COMES Plaintiff ROBERT GOLDEN, by and through his attorney, The Law Offices of Brendan R. Appel, LLC, and for his Petition for Rule to Show Cause as to why Defendant LANNY GIBRICK d/b/a ALAN'S DRAPERIES, INC. ("LANNY GIBRICK") should not be held in indirect civil contempt of Court for his violation of this Court's Order dated December 13, 2018 and for other relief, states as follows:

1.      On November 13, 2018, the Defendant filed his appearance, through counsel, in this matter.

2.      On November 16, 2018, a Citation to Discover Assets ("Citation") was issued by the Court and subsequently served on the Defendant.

3.      As part of the Citation, the Defendant was to appear in court on December 13, 2018 for an examination, and to produce a completed Income and Assets form as well as documents named in the Rider to the Citation entitled "Addendum A." See Citation to Discover Assets attached hereto as **Exhibit "A"**.

FILED DATE: 2/13/2019 12:00 AM   20142001791

4.      On December 13, 2018, the Defendant appeared in front of this Court with his counsel, however he did not provide any of the documents required by the Citation.

5.      Due to Defendant's failure to bring any documents to be produced on that date, this Court continued the matter to February 14, 2019 at 9:30 a.m. and ordered that the Defendant produce the documents named in the Rider by February 1, 2019. See Order dated December 13, 2018 attached hereto as **Exhibit "B."**

6.      On February 12, 2019, prior to the filing of this Petition, counsel for Plaintiff notified Defendant's counsel that the required documents had not been received by the due date and that a rule to show cause would be prepared for the next court date. Defendant's counsel responded that "I asked Lanny for the documents several times.  I conveyed your message."

7.      As of the date of filing of this Petition, the Defendant has failed to produce any documents named in the Rider pursuant to the Court's Order.

8.      Plaintiff has established a *prima facie* case requiring the Court to issue a Rule *instanter*.

9.      Defendant LANNY GIBRICK should be held in indirect civil contempt of Court for his willful and without just cause failure to abide by the Court's Order.

10.      Defendant LANNY GIBRICK's unreasonable and wilful actions have forced Plaintiff to incur attorney's fees and costs in bringing this Petition for Rule to Show Cause before the Court.

WHEREFORE, the Plaintiff, ROBERT GOLDEN, respectfully requests that this Honorable Court:

   a. Issue a Rule to Show Cause *instanter* why the LANNY GIBRICK should not be held in indirect contempt of court;

FILED DATE: 2/13/2019 12:00 AM   20142001791

   b.  Enter an order finding the Defendant LANNY GIBRICK in indirect civil
       contempt of Court for violating this Court's December 13, 2018 order;

   c.  Order the Defendant LANNY GIBRICK to pay a sum certain for each day
       until the Court's order is complied with or, in the alternative, order Defendant
       LANNY GIBRICK to Cook County Jail until the Court's order is complied
       with; and

   d.  Order the Defendant LANNY GIBRICK to pay reasonable attorney's fees to
       Plaintiff ROBERT GOLDEN and/or his attorneys for bringing and litigating
       this Petition; and

For such other relief that this Honorable Court deems just and equitable.

                         Respectfully submitted,



                         _____
                         The Law Office of Brendan R. Appel, LLC
                         Attorneys for Plaintiff


The Law Offices of Brendan R. Appel, LLC
Brendan R. Appel
Selwyn M. Skevin (Of Counsel)
191 Waukegan Road, Suite 360
Northfield, Illinois 60093
(847) 730-4224
(847) 730-4114 (facsimile)
bappel@balegal.com
Attorney No.: 38354

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

(Rev. 12/4/00) CCG N005 A

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

FILED
2/16/2018 10:51 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
20142001791

ROBERT GOLDEN

v.

LANNY GIBRICK, INDIVIDUALLY AND D/B/A ALAN'S DRAPERIES

} No. 2014 M2 001791

### CITATION TO DISCOVER ASSETS

**To:** Lanny Gibrick, 501 Thorndale Drive, Buffalo Grove, IL 60089

    **YOU ARE COMMANDED** to appear before Judge JEFFERY L. WARNICK or any judge sitting in his/her stead in Room 202 at the location of 5600 OLD ORCHARD ROAD, SKOKIE, Illinois, on December 13, 2018, at 9:30 A. m. to be examined under oath to discover assets or income not exempt from enforcement of a judgment. A judgment in favor of ROBERT GOLDEN and against LANNY GIBRICK was entered on DECEMBER 16, 2014 (or revived on _____, _____) in the amount of $ 16,374.23 and $ ~~22,555.97~~ remains unsatisfied.

**YOU ARE COMMANDED** to produce at the examination:

A completed Income and Assets form attached to this Citation, all documents in Addendum A attached,

and all books, papers or records in you possession or control which may contain information concerning the property or income of, or indebtedness due judgment debtor.

**YOU ARE PROHIBITED** from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which the judgment debtor may be entitled or which may be acquired by or become due to the judgment debtor and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the judgment debtor, until further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment.

**WARNING: YOUR FAILURE TO APPEAR IN COURT AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.**

### CERTIFICATE OF ATTORNEY (OR NON - ATTORNEY)

NOTE: THIS CITATION MUST BE ACCOMPANIED AT THE TIME OF SERVICE BY EITHER A COPY OF THE UNDERLYING MEMORANDUM OF JUDGMENT OR A CERTIFICATION BY EITHER THE CLERK THAT ENTERED THE JUDGMENT OR THE ATTORNEY FOR THE JUDGMENT CREDITOR SETTING FORTH THE FOLLOWING:

In the Circuit Court of Cook County (or other Jurisdiction _____) on DECEMBER 16, 2014, (specify)

A judgment in the amount of $ 16,374.23 was entered in favor of ROBERT GOLDEN and against LANNY GIBRICK in Case No. 2014 M2 001791 and a balance of $ 19,299.07 remains unsatisfied.

I, the undersigned certify to the Court, under penalties as provided by law pursuant to 735 ILCS 5/1-109 that all information stated herein is true.

Atty. No.: 38354

Name: LAW OFFICES OF BRENDAN R. APPEL

Address: 191 WAUKEGAN ROAD, SUITE 360

City/State/Zip: NORTHFIELD, IL 60093

Telephone: 847-730-4224

_(Signature of Attorney)_

WITNESS: _____, _____

_____
Clerk of the Circuit Court

EXHIBIT A

SEAL

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

FILED DATE: 12/18/2018 10:00 AM   2014200179

## ADDENDUM A TO CITATION TO DISCOVER ASSETS
## <u>DOCUMENTS TO BE PRODUCED</u>

1.      Copies of state and federal income tax returns for the last three years.

2.      Earnings statements from your last thirty-six (36) months' worth of paychecks or other income to you.

3.      Business records for the present year and past calendar year which reflect assets, liabilities, gross receipts and expenses for any sole proprietorship, partnership, limited liability company or corporation in which you, or your spouse, own any interest.

4.      Current bank statements for the past (36) months from all banks, or other financial institutions, where any sole proprietorship, partnership, limited liability company or corporation in which you, or your spouse, own any interest, has had an account of any kind.

5.      Current bank statements for the past (36) months from all banks, or other financial institutions, where you, or your spouse have an account of any kind.

6.      All trust agreements in which you, or your spouse, are named trustor, trustee or beneficiary.

7.      All deeds, leases, contracts, and other documents representing any ownership interest you, or your spouse, have in any real property, and all deeds of trust, mortgages, or other documents evidencing encumbrances of any kind on your real property.

8.      All stocks, bonds, or other security of any class you may own, by you separately, or jointly with others, including options to purchase any securities.

9.      Titles to all motor vehicles owned or leased by you, your spouse, or any children living at your home.

10.     The payment book or last three months' monthly statements, for any motor vehicle owned or leased by you, your spouse, or any children living at your home.

11.     All life insurance policies in which you are either the insured or the beneficiary.

12.     All promissory notes held by you, and all other documents evidencing any money owed to you either now or in the future.

13.     All deeds, bills of sale, or other documents prepared in connection with any transfer made by you, either by gift, sale, or otherwise, in the last three years.

14.     A schedule of all regular expenses paid by you, such as installment debts, food, utilities, etc.  Include the amount paid, the payee, and, if an installment debt, the amount of debt owing and any security pledged.

15.     All documents evidencing any interest you have in any pension plan, retirement fund, or profit sharing plan.

16.     All records pertaining to your assets and finances.

17.     All records of any unincorporated business of which you are an owner or part owner, or have been an owner.

18.     All statements for the past 36 months from any person or entity, including, without limitation, your attorneys, showing any escrow, retainer or account balance.

19.     All applications for credit or loans completed by you or any entity in which you have an interest for the past 36 months including mortgages and/or loan modifications.

FILED DATE: 12/18/2019 10:00 AM    2014200179

# INCOME AND ASSETS FORM

**To Judgment Debtor:** Please complete this form and bring it with you to the hearing referenced in the enclosed citation notice.  You should also bring to the hearing any documents you have to support the information you provide in this form, such as pay stubs and account statements.  The information you provide will help the court determine whether you have any property or income that can be used to satisfy the judgment entered against you in this matter.  The information you provide must be accurate to the best of your knowledge.

If you fail to appear at this hearing, you could be held in contempt of court and possibly arrested.

In answer to the citation and supplemental proceedings served upon the judgment debtor, he or she answers as follows:

## Personal Information

Name: _____

Primary Telephone: _____

Residence: _____
                                              (Address/City/State/Zip)

Date of Birth: _____

Marital Status: _____

Number of Dependents: _____

## Income and Assets

Select any of the following statements that accurately describe your current income and assets.  Complete any of the information that is applicable to the items you select.

❑  A.  I am currently ❑ employed   ❑ self employed.  The name(s) and address(es) of my employers, or my business name and address (if self-employed) is/are as follows:

_____
_____
_____

        I earn $ _____   ❑ weekly   ❑ bi-weekly   ❑ annually   ❑ other:

I have the following benefits with my employer(s): _____

_____

❑ B.  I am currently unemployed.  I support myself through (Select all that apply):

        ❑ Government Assistance at $ _____per month

        ❑ Unemployment at $ _____per month

        ❑ Social Security at $ _____per month

        ❑ SSI at $ _____per month

        ❑ Pension $ _____per month

        ❑ Other $ _____per month

❑ C.  I currently own real estate at the following location(s).  (List the address for each parcel of real estate owned as well as the name and address of the mortgage company for each property that has a mortgage on it.  Please use the supplement "Part C" of this form if more space is needed.):

1.  Address: _____

Name/Address of Mortgage Company: _____

FILED DATE: 12/18/2019 10:00 AM   20142001791

2.  Address: _____

Name/Address of Mortgage Company: _____

_____

❑ D.  The following individual(s) and I currently co-own real estate located at (Please use supplement "Part C"
of this form if more space is needed): _____

_____

_____

❑ E.  I have beneficial interest in a land trust.

Name of Trustee: _____

Address of Trustee: _____

The beneficial interest is listed in my name and _____

An assignment of beneficial interest in the land trust was signed to secure a loan from

Name of Lender: _____

Address of Lender: _____

❑ F.  My financial assets are as follows (Select all that apply):

      ❑ Checking Account at_____with a balance of $ _____

      ❑ Savings Account at_____ with a balance of $ _____

      ❑ Money Market at _____with a balance of $ _____

      ❑ Certificate of Deposit at _____with a value of $ _____

      ❑ Safe Deposit Box at _____

      ❑ Stocks /Bonds: _____

      ❑ Other Accounts: _____

        Account Type _____  Financial Institution _____  Balance/Value _____

❑ G.  I own the following selected items: _____

      ❑ Vehicle: _____

        Year: _____

        Make: _____

        Model: _____

        VIN #: _____

❑ Jewelry (Please provide a detailed description of each item owned): _____

_____

❑ Personal Computer       ❑ DVD Player       ❑ Television

❑ Stove       ❑ Microwave       ❑ Work Tools

❑ Business Equipment       ❑ Farm Equipment

❑ Other property (Please provide a detailed description of each item owned): _____

_____

_____

Signature of Judgment Debtor: _____  Date: _____

## Income and Assets Supplemental Form

FILED DATE: 12/18/2018 10:00 AM   2014200179

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Return Date: No return date scheduled   This form complies with CCMD-380 (Rev 10-08)
Hearing Date: No hearing scheduled                                          (Rev. 3/21/01) CCM N628
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_SECOND_ MUNICIPAL DISTRICT

GOLDEN
_____ **Plaintiff**

v.

GIBRICK
_____ **Defendant**

FILED
2/13/2019 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
20142001791

No. _2014 M 2 001791_

FILED DATE: 2/13/2019 12:00 AM   20142001791

## ORDER

**This matter having come before the court, the court having jurisdiction and being fully advised in the premises:**

**IT IS ORDERED THAT:**

9404 ☐ **CITATION TO ISSUE** _____

9403 ☐ **CITATION: Return Date** _____ Room _____

9405 ☐ **CITATION: Continued to** _Lanny Gibrick to 2/14/2019 at 9:30am_ Room _202_

9406 ☐ **CITATION: Dismissed** _Lanny Gibrick to produce Rider A Docs by 2/1/2019._

9262 ☐ **RULE: To Issued** _____

9262 ☐ **RULE: Return Date** _____ Room _____

9412 ☐ **RULE: Continued To** _Lanny Gibrick to 2/14/2019 at 9:30am_ Room 202

9413 ☐ **RULE: Dismissed** _____

9400 ☐ **WRIT OF ATTACHMENT Issue** _____

4309 ☐ **BOND Set At $** _____

9401 ☐ **WRIT OF ATTACHMENT Continued to** _____

9402 ☐ **WRIT OF ATTACHMENT Dismissed** _____

4575 ☐ **ORDER FOR TRO allowed** _____

☐ **WAGE DEDUCTION/GARNISHMENT Against** _____

    9408 ☐   **Issued: Return Day** _____ Room _____

    9409 ☐   **Continued To** _____ Room _____

    9410 ☐   **Garnishee Defendant Dismissed** _____

    9411 ☐   **Judgment against garnishee defendant $** _____

☐ **CONDITIONAL JUDGMENT AGAINST** _____

    9311 ☐   **GARNISHEE DEFENDANT $** _____

    4288 ☐   **Summons To Confirm Return Day** _____ Room _____

    9205 ☐   **Judgment Confirmed Against** _____

_Associate Judge Jeffery L. Warnic_
_DEC 13 2018_
_Circuit Court - 2024_

Atty. No.: _38354_

Name: _Brendan R Appel_

Atty. For: _Plaintiff_

Address: _191 Waukegan Rd Ste 360_

City/Zip: _Northfield IL 60093_

Telephone: _847-730-4724_

Enter: _____, _____

_____
**Judge**                    **Judge's No.**

EXHIBIT B

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT F

CODE ORDER FORM 3                                                                                    (Rev. 3/21/01) CCM N628

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### _2nd_ MUNICIPAL DISTRICT

Golden

                                                          **Plaintiff**

                              v.                                              No. _2014 M2 1791_

Lanny Gibrick

                                                          **Defendant**

### ORDER

**This matter having come before the court, the court having jurisdiction and being fully advised in the premises:**

**IT IS ORDERED THAT:**

9404 ☐ **CITATION TO ISSUE** _____

9403 ☐ **CITATION: Return Date** _____    Room _____

9405 ☐ **CITATION: Continued to** _May 9, 2019 at 9:30 a.m.__    Room _202_

9406 ☐ **CITATION: Dismissed** _____

9262 ☐ **RULE: To Issued** _Lanny Gibrick (served in open court)_

9262 ☐ **RULE: Return Date** _May 9, 2019 at 9:30 a.m.___    Room _202_

9412 ☐ **RULE: Continued To** _____    Room _____

9413 ☐ **RULE: Dismissed** _____

9400 ☐ **WRIT OF ATTACHMENT Issue** _____

4309 ☐ **BOND Set At $** _____

9401 ☐ **WRIT OF ATTACHMENT Continued to** _____

9402 ☐ **WRIT OF ATTACHMENT Dismissed** _____

4575 ☐ **ORDER FOR TRO allowed** _____

☐ **WAGE DEDUCTION/GARNISHMENT Against** _____

        9408 ☐    **Issued: Return Day** _____    Room _____

        9409 ☐    **Continued To** _____    Room _____

        9410 ☐    **Garnishee Defendant Dismissed** _____

        9411 ☐    **Judgment against garnishee defendant $** _____

☐ **CONDITIONAL JUDGMENT AGAINST** _____

        9311 ☐    **GARNISHEE DEFENDANT $** _____    Associate Judge Jeffery L. Warnick

        4288 ☐    **Summons To Confirm Return Day** _____    Room APR 0 2 2019

        9205 ☐    **Judgment Confirmed Against** _____    Circuit Court - 2024

Atty. No.: _38354_

Name: _Law Offices of Brendan R Appel_               Enter: _____ , _____

Atty. For: _Plaintiff_

Address: _191 Waukegan Road Ste 360_                          _____

City/Zip: _Northfield IL 60093_                               **Judge**              **Judge's No.**

Telephone: _(847) 739-4224_

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY ILLINOIS**

# EXHIBIT G

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
11/4/2019 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
20142001791

FILED DATE: 11/4/2019 12:00 AM   20142001791

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## SECOND MUNICIPAL DISTRICT, CIVIL DIVISION

ROBERT GOLDEN, an Individual,     )
                                  )
          Plaintiff,              )
                                  )
v.                                )          2014 M2 001791
                                  )
LANNY GIBRICK, an Individual,     )          Room 202
d/b/a ALAN'S DRAPERIES, INC.,     )
an Illinois Corporation           )
(involuntarily dissolved).        )
                                  )
          Defendant.              )

### PLAINTIFF'S PETITION FOR RULE TO SHOW CAUSE FOR INDIRECT CIVIL CONTEMPT AGAINST DEFENDANT AND FOR OTHER RELIEF

NOW COMES Plaintiff ROBERT GOLDEN, by and through his attorney, The Law Offices of Brendan R. Appel, LLC, and for his Petition for Rule to Show Cause as to why Defendant LANNY GIBRICK d/b/a ALAN'S DRAPERIES, INC. ("Defendant") should not be held in indirect civil contempt of Court for his violation of the Citation to Discover Assets dated November 16, 2018 ("Citation") (attached hereto as **Exhibit "A"**) and for other relief, states as follows:

### Introduction

On December 12, 2014, a judgment was entered against the Defendant in the amount $16,374.23. Since that time, he has reported gross income of $69,189 in 2018, $81,918 in 2017, $57,218 in 2016 (without including his wife's earnings), but has only paid, voluntarily, *$25.00 in nearly five (5) years*. In fact, the Defendant attempts to evade collection in any way that he knows how, including leaving his entire wallet at home on court dates. It appears that the only way for the Plaintiff to finally collect is through involuntary methods. Now, the Defendant has

FILED DATE: 11/4/2019 12:00 AM   20142001791

knowingly and purposefully violated the Citation, and therefore he should be held in indirect civil contempt until he uses the proverbial keys to let himself out of his actual jail cell.

### Common Facts and Procedural History

1.     On December 16, 2014, this Court entered a default judgment against the Defendant in the amount of $16,374.23 and in favor of the Plaintiff. See Judgment dated December 16, 2014 attached hereto as **Exhibit "B"**.

2.     A supplemental proceeding was commenced and, on or about July 16, 2015, Defendant used his "wildcard" exemption.

3.     On June 11, 2015, the Defendant paid $75.00 because it was in his wallet on the day of a citation examination.

4.     Shortly thereafter, the Defendant filed for bankruptcy, the Plaintiff filed an adversary proceeding related to this matter, and this matter was put on hold pending the resolution of the bankruptcy.

5.     The Bankruptcy Court entered a default judgment against the Defendant on Plaintiff's Motion to Compel and for Sanctions, declaring the debt nondischargeable. See Order dated February 16, 2018 attached hereto as **Exhibit "C"**.

6.     On or about November 2, 2018, this matter was restarted when JP Morgan Chase Bank ("Chase") was served with a Citation to Discover Assets to a Third-Party covering all accounts in the name of the Defendant.

7.     Chase answered that it had only two accounts responsive to the Third-Party Citation, consisting of one joint account with the Defendant's wife, Sarah Gibrick ("Sarah"), and one joint account with the Defendant's adult son, Justin Gibrick.

FILED DATE: 11/4/2019 12:00 AM   20142001791

8.     Justin provided bank statements to Plaintiff's counsel to show that the Chase account ending in 1511 contained only his money. In good faith, Plaintiff's counsel moved to unfreeze his account and dismiss the Third-Party Citation only as to his account.

9.     Subsequently, a turnover order was entered on November 15, 2018 in the amount of $3,496.41 held in a Chase account, which the Defendant and his wife, Sarah Gibrick, closed immediately after.

10.    Upon information and belief, Sarah works full-time for International Services, Inc. ("ISI").

11.    Upon information and belief, Justin is a student at DePaul University but works part-time for ISI.

12.    Upon information and belief, ISI is a large corporation that provides services to other businesses including, but not limited to accounting and marketing.

13.    Upon information and belief, the Defendant and his family are close friends with a principal and possible majority shareholder of ISI, John Burgess and his wife Dana Burgess.

14.    Upon information and belief, John is also the sole manager of SMS-NA, LLC, the President of Strategic Tax Advisors, Inc., and the sole manager of Valuation Advisory Services, LLC, all of which are related to, and may be subsidiaries of, ISI.

15.    The Citation served caused the Defendant's judgment or balance due on the judgment to become a lien which

> binds nonexempt personal property, including money, choses in action, and effects of the judgment debtor as follows: (1) When the citation is directed against the judgment debtor, upon all personal property belonging to the judgment debtor in the possession or control of the judgment debtor or which may thereafter be acquired or come due to the judgment debtor to the time of the disposition of the citation. 735 ILCS 5/2-1402(m)(1).

FILED DATE: 11/4/2019 12:00 AM    20142001791

16.      The Citation also prohibited the Defendant "from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which the judgment debtor may be entitled or which may be acquired by or become due to the judgment debtor and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the judgment debtor, until further order of court or termination of the proceedings."

17.      Upon information and belief, the Defendant is not, nor has been, under any other citation or payment order.

18.      Upon information and belief, the Defendant has not claimed any additional exemptions.

### Count I – Indirect Civil Contempt of Court

19.      On May 30, 2019, an initial citation examination of the Defendant was held outside of Courtroom 202. In relevant part, the Defendant made the following statements, under oath, during the examination:

      a.  He has not paid the mortgage on the marital residence since December 2018;

      b.  Charlie (last name unknown), employed at Sarah's office, prepared and filed the Defendant's and Sarah's tax returns, while they simply signed it – despite stating it was self-prepared on the face of the return;

      c.  He did not know anything about the following items claimed on the 2018 federal tax return:

          i.  $19,878 in vehicle expenses;

         ii.  $14,647 in depreciation;

FILED DATE: 11/4/2019 12:00 AM   2014200791

    iii.  $6,473 in advertising, which he could not explain but did confirm that he did not place any ads personally, in spite of doing contract work for other businesses and not for himself;

    iv.  $5,217 in gifts to charity, some of which was furniture and clothes, but he does not know why he didn't try to sell it;

    v.  $1,743 in construction software expenses, which he could not explain, but said to ask his accountant why it was there – despite not using any software or performing construction work;

    vi.  $1,151 for marketing databases expenses, but stated he did not have a marketing database; and

    vii.  $48 in gambling losses despite stating he doesn't gamble;

d.  He did not know anything about the $27,663 in vehicle expenses claimed on his 2017 federal tax return;

e.  He pays all of the family's expenses except for the mortgage;

f.  His wife works full-time making about $5500 per month gross income;

g.  His 2010 Chevy Suburban vehicle has 192,000 miles on it, he owes $15,000, and he plans to pay it all off but is unsure how;

h.  He asked what if he just doesn't work and leaves, but was not sure where he would go; and

i.  He stated he was not contributing to college for his children.

20.    On June 21, 2019, a Citation to Discover Assets to a Third-Party was issued and subsequently served on Roberts Drapery Center, Inc. ("Roberts"), a previously known employer of the Defendant.

FILED DATE: 11/4/2019 12:00 AM    20142001791

21.     As part of its response, Roberts produced copies of eighteen (18) checks, made payable to the Defendant in the amount of $320.00 each, which totaled $5,760.00 paid between January 2019 and June 2019.

22.     On June 21, 2019, an additional Citation to Discover Assets to a Third-Party was issued and subsequently served on Offspings2, Inc. d/b/a Vertical Blinds Factory ("Vertical"), a previously known employer of the Defendant.

23.     As part of its response, Vertical produced copies of twenty-nine (29) checks made payable to the Defendant in various amounts, which totaled $20,066.00 paid between November 2019 and June 2019.

24.     On or about July 30, 2019, Chase produced additional documents responsive to the Third-Party Citation dated October 26, 2018. Those documents showed the following pertinent transactions from the joint account shared with Justin ending in 1511:

        a.  12/21/2018 - $75.00 - QuickPay with Zelle Payment From Offsprings Inc

        b.  12/21/2018 - $75.00 - Online Transfer to Chk … 1918

        c.  2/26/2019 - $50.00 - QuickPay with Zelle Payment From Offsprings Inc

        d.  2/26/2019 - $50.00 - Online Transfer to Chk … 1918

        e.  3/15/2019 - $470.00 - QuickPay with Zelle Payment From Offsprings Inc

        f.  3/15/2019 - $470.00 - Online Transfer to Chk … 1918

        g.  4/1/2019 - $50.00 - QuickPay with Zelle Payment From Offsprings Inc

        h.  4/1/2019 - $50.00 - Online Transfer to Chk … 1918

        i.  4/25/2019 - $370.00 - QuickPay with Zelle Payment From Offsprings Inc

        j.  4/25/2019 - $370.00 - Online Transfer to Chk … 1918

        k.  3/15/2019 - $470.00 - QuickPay with Zelle Payment From Offsprings Inc

l.  3/15/2019 - $470.00 - Online Transfer to Chk … 1918

m.  3/15/2019 - $470.00 - QuickPay with Zelle Payment From Offsprings Inc

n.  3/15/2019 - $470.00 - Online Transfer to Chk … 1918

The amounts received from Offsprings Inc totaled $1,955.00.

25.    Account 1511, supposedly belonging only to Justin, showed multiple debit cards being used to access the account in order to make transactions, including cards ending in 5076, 9263, and 3224.

26.    On information and belief, the card ending in 3224 was used by the Defendant.

27.    On August 1, 2019, the citation examination of the Defendant was continued outside of Courtroom 202. In relevant part, the Defendant made the following statements/responses during the examination:

a.  He was employed on an as needed basis as a contractor by Roberts Drapery & Vertical Blinds Factory;

b.  That Vertical Blinds Factory is the same as Offsprings Inc.;

c.  He would cash the checks he received through his son's Chase account by depositing a check and immediately withdrawing it;

d.  He did not have any bank accounts at any bank and did not have a joint account with his wife;

e.  He paid rent for his adult son's apartment(s);

f.  He paid his son's medical bills;

g.  He received a loan from Peter Napoli and was making payments back to him;

h.  He also did some work for Hart Interiors; and

FILED DATE: 11/4/2019 12:00 AM    20142001791