FILED DATE: 11/4/2019 12:00 AM   2014200I79I

    i. He stated that he was not receiving any other income.

28. On August 2, 2019, based on the Defendant's examination, a new Citation to Discover Assets to a Third-Party was served on Chase for all accounts in the name of the Defendant.

29. Chase's subsequent response included monthly bank statements from the joint account shared by the Defendant and Justin, ending in 1511, and showed the following pertinent transactions:

    a. 7/11/2019 - $480.00 - QuickPay with Zelle Payment From Offsprings Inc

    b. 7/11/2019 - $480.00 – ATM Withdrawal

The amounts received from Offsprings Inc totaled $480.00.

30. Chase's subsequent response also included monthly bank statements from a checking account ending in 1918 containing only the name of Justin, but it showed numerous transactions made from the debit card ending in 3224.

31. The aggregate amount of known income earned by the Defendant is $24,582.00.

32. On September 5, 2019, the continued citation examination of the Defendant was held outside of Courtroom 202. In relevant part, the Defendant made the following statements/responses during the examination:

    a. He does not have his own bank account, but uses Justin's Chase account to make deposits and withdrawals;

    b. He performs work for Offsprings' city stores and payments are deposited through Chase QuickPay into Justin's Chase account;

FILED DATE: 11/4/2019 12:00 AM    20142001791

    c.  He has never made a payment to John and Dana Burgess for the $100,000.00 allegedly borrowed;[1]

    d.  He resides in the marital home awaiting foreclosure proceedings while the rest of his family moved into a townhome for which he pays rent; and

    e.  He understands that he is under citation and has a judgment against him, but he does not care.

33.    The Defendant is employed as a contractor by Roberts Drapery.

34.    Upon information and belief, Roberts Drapery has made payments to the Defendant despite currently being subject to a Third-Party Citation that has not been dismissed.

35.    The Defendant is also employed as a contractor by Vertical Blinds Factory.

36.    Upon information and belief, Vertical Blinds Factory has continued to pay the Defendant for services performed despite being subject to a Third-Party Citation which was not dismissed.

37.    Upon information and belief, the Defendant received a tax refund in the amount of $1,741 for 2018 while subject to the Citation.

38.    Additionally, upon information and belief, ISI has been paying full-time wages to Justin despite his status as a part-time employee and attending college at DePaul University.

39.    Upon information and belief, the additional income paid to Justin is actually a supplement for the Defendant's income to pay for expenses and/or luxuries.

40.    The Defendant, while subject to the Citation, has received at least $24,632.00 in known income in addition to a tax refund, but has not made a single payment toward the judgment.

---

[1] On September 1, 2009, the Defendant and Sarah borrowed $100,000.00 from John and Dana Burgess, and executed a second mortgage against the home owned by the Defendant and Sarah. See Mortgage dated September 1, 2009 attached hereto as **Exhibit "D"**.

FILED DATE: 11/4/2019 12:00 AM   20142001791

41.     The aforementioned monies paid to the Defendant were subsequently transferred, disposed of, and interfered with were subject to the lien of the Citation and were required to be paid to the Plaintiff.

42.     The Defendant made and/or allowed transfers, disposed of, and interfered with property belonging to him that is not exempt from execution or garnishment.

43.     Plaintiff has established a *prima facie* case requiring the Court to issue a Rule *instanter* why the Defendant should not be held in indirect civil contempt of court for violating the Citation against him.

44.     The court may punish any party who violates the restraining provision of a citation as and for a contempt. 735 ILCS 5/2-1402(f)(1).

45.     If a creditor discovers personal property of the judgment debtor that is subject to the lien of a citation to discover assets, the creditor may have the court impress a lien against a specific item of personal property, including a beneficial interest in a land trust. 735 ILCS 5/2-1402(k-10).

46.     Defendant LANNY GIBRICK should be held in indirect civil contempt of Court for his willful and without just cause failure to abide by the Citation.

47.     Defendant LANNY GIBRICK's unreasonable and wilful actions have forced Plaintiff to incur attorney's fees and costs in bringing this Petition for Rule to Show Cause before the Court, and cause additional, unnecessary collection expenses.

WHEREFORE, the Plaintiff, ROBERT GOLDEN, respectfully requests that this Honorable Court:

   a.  Issue a Rule to Show Cause *instanter* why the Defendant, LANNY GIBRICK, should not be held in indirect contempt of court;

FILED DATE: 11/4/2019 12:00 AM   2014200179I

b.  Enter an order finding the Defendant, LANNY GIBRICK, in indirect civil contempt of Court for violating this Court's December 13, 2018 order;

c.  Enter an order finding the Defendant, LANNY GIBRICK, in indirect civil contempt of Court for violating this Court's December 13, 2018 order;

d.  Order the Defendant, LANNY GIBRICK, to pay the full amount that should have been turned over to the Plaintiff while subject to the Citation or, in the alternative, order Defendant, LANNY GIBRICK, to Cook County Jail until he pays the full amount that should have been turned over to the Plaintiff; and

e.  Order the Defendant, LANNY GIBRICK, to pay reasonable attorney's fees to Plaintiff ROBERT GOLDEN and/or his attorneys for all collection efforts and for bringing and litigating this Petition; and

f.  For such other relief that this Honorable Court deems just and equitable.

Respectfully submitted,

The Law Offices of Brendan R. Appel, LLC
Attorneys for Plaintiff

The Law Offices of Brendan R. Appel, LLC
Brendan R. Appel
Selwyn M. Skevin (Of Counsel)
191 Waukegan Road, Suite 360
Northfield, Illinois 60093
(847) 730-4224
(847) 730-4114 (facsimile)
bappel@balegal.com
Attorney No.: 38354

FILED DATE: 11/4/2019 12:00 AM    20142001791

# EXHIBIT A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

FILED
11/16/2018 10:51 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
20142001791

ROBERT GOLDEN

v.

LANNY GIBRICK, INDIVIDUALLY AND D/B/A ALAN'S DRAPERIES

No. 2014 M2 001791

### CITATION TO DISCOVER ASSETS

**To:** Lanny Gibrick, 501 Thorndale Drive, Buffalo Grove, IL 60089

**YOU ARE COMMANDED** to appear before Judge JEFFERY L. WARNICK or any judge sitting in his/her stead in Room 202 at the location of 5600 OLD ORCHARD ROAD, SKOKIE, Illinois, on December 13 , 2018 , at 9:30 A. m. to be examined under oath to discover assets or income not exempt from enforcement of a judgment. A judgment in favor of ROBERT GOLDEN and against LANNY GIBRICK was entered on DECEMBER 16 , 2014 (or revived on _____ , _____ ) in the amount of $ 16,374.23 and $ ~~████~~ 22,555.97 remains unsatisfied.

**YOU ARE COMMANDED** to produce at the examination:

A completed Income and Assets form attached to this Citation, all documents in Addendum A attached,

and all books, papers or records in you possession or control which may contain information concerning the property or income of, or indebtedness due judgment debtor.

**YOU ARE PROHIBITED** from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which the judgment debtor may be entitled or which may be acquired by or become due to the judgment debtor and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the judgment debtor, until further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment.

**WARNING: YOUR FAILURE TO APPEAR IN COURT AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.**

### CERTIFICATE OF ATTORNEY (OR NON - ATTORNEY)

NOTE: THIS CITATION MUST BE ACCOMPANIED AT THE TIME OF SERVICE BY EITHER A COPY OF THE UNDERLYING MEMORANDUM OF JUDGMENT OR A CERTIFICATION BY EITHER THE CLERK THAT ENTERED THE JUDGMENT OR THE ATTORNEY FOR THE JUDGMENT CREDITOR SETTING FORTH THE FOLLOWING:

In the Circuit Court of Cook County (or other Jurisdiction _____ ) on DECEMBER 16 , 2014 ,
(specify)
A judgment in the amount of $ 16,374.23 was entered in favor of ROBERT GOLDEN and against LANNY GIBRICK in Case No. 2014 M2 001791 and a balance of $ 19,299.07 remains unsatisfied.

I, the undersigned certify to the Court, under penalties as provided by law pursuant to 735 ILCS 5/1-109 that all information stated herein is true.

Atty. No.: 38354
Name: LAW OFFICES OF BRENDAN R. APPEL
Address: 191 WAUKEGAN ROAD, SUITE 360
City/State/Zip: NORTHFIELD, IL 60093
Telephone: 847-730-4224

_Selwyn Shevin_
(Signature of Attorney)

WITNESS: _____ , _____

_____
**Clerk of the Circuit Court**

SEAL

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## ADDENDUM A TO CITATION TO DISCOVER ASSETS
## <u>DOCUMENTS TO BE PRODUCED</u>

1.      Copies of state and federal income tax returns for the last three years.

2.      Earnings statements from your last thirty-six (36) months' worth of paychecks or other income to you.

3.      Business records for the present year and past calendar year which reflect assets, liabilities, gross receipts and expenses for any sole proprietorship, partnership, limited liability company or corporation in which you, or your spouse, own any interest.

4.      Current bank statements for the past (36) months from all banks, or other financial institutions, where any sole proprietorship, partnership, limited liability company or corporation in which you, or your spouse, own any interest, has had an account of any kind.

5.      Current bank statements for the past (36) months from all banks, or other financial institutions, where you, or your spouse have an account of any kind.

6.      All trust agreements in which you, or your spouse, are named trustor, trustee or beneficiary.

7.      All deeds, leases, contracts, and other documents representing any ownership interest you, or your spouse, have in any real property, and all deeds of trust, mortgages, or other documents evidencing encumbrances of any kind on your real property.

8.      All stocks, bonds, or other security of any class you may own, by you separately, or jointly with others, including options to purchase any securities.

9.      Titles to all motor vehicles owned or leased by you, your spouse, or any children living at your home.

10.     The payment book or last three months' monthly statements, for any motor vehicle owned or leased by you, your spouse, or any children living at your home.

11.     All life insurance policies in which you are either the insured or the beneficiary.

12.     All promissory notes held by you, and all other documents evidencing any money owed to you either now or in the future.

13.     All deeds, bills of sale, or other documents prepared in connection with any transfer made by you, either by gift, sale, or otherwise, in the last three years.

14.     A schedule of all regular expenses paid by you, such as installment debts, food, utilities, etc.  Include the amount paid, the payee, and, if an installment debt, the amount of debt owing and any security pledged.

15.     All documents evidencing any interest you have in any pension plan, retirement fund, or profit sharing plan.

16.     All records pertaining to your assets and finances.

17.     All records of any unincorporated business of which you are an owner or part owner, or have been an owner.

18.     All statements for the past 36 months from any person or entity, including, without limitation, your attorneys, showing any escrow, retainer or account balance.

19.     All applications for credit or loans completed by you or any entity in which you have an interest for the past 36 months including mortgages and/or loan modifications.

FILED DATE: 11/16/2018 10:00 AM    2014200179

# INCOME AND ASSETS FORM

**To Judgment Debtor:**  Please complete this form and bring it with you to the hearing referenced in the enclosed citation notice.  You should also bring to the hearing any documents you have to support the information you provide in this form, such as pay stubs and account statements.  The information you provide will help the court determine whether you have any property or income that can be used to satisfy the judgment entered against you in this matter.  The information you provide must be accurate to the best of your knowledge.

If you fail to appear at this hearing, you could be held in contempt of court and possibly arrested.

In answer to the citation and supplemental proceedings served upon the judgment debtor, he or she answers as follows:

## Personal Information

Name: _____

Primary Telephone: _____

Residence: _____
(Address/City/State/Zip)

Date of Birth: _____

Marital Status: _____

Number of Dependents: _____

## Income and Assets

Select any of the following statements that accurately describe your current income and assets.  Complete any of the information that is applicable to the items you select.

❑  A.  I am currently ❑ employed  ❑ self employed.  The name(s) and address(es) of my employers, or my business name and address (if self-employed) is/are as follows:

_____
_____
_____

   I earn $ _____  ❑ weekly  ❑ bi-weekly  ❑ annually  ❑ other:

I have the following benefits with my employer(s): _____
_____

❑ B.  I am currently unemployed.  I support myself through (Select all that apply):

   ❑ Government Assistance at $ _____ per month

   ❑ Unemployment at $ _____ per month

   ❑ Social Security at $ _____ per month

   ❑ SSI at $ _____ per month

   ❑ Pension $ _____ per month

   ❑ Other $ _____ per month

❑ C.  I currently own real estate at the following location(s).  (List the address for each parcel of real estate owned as well as the name and address of the mortgage company for each property that has a mortgage on it.  Please use the supplement "Part C" of this form if more space is needed.):

1.  Address: _____

Name/Address of Mortgage Company: _____

FILED DATE: 11/16/2018 10:00 AM   2014-2001791

2.  Address: _____

Name/Address of Mortgage Company: _____

_____

❑ D.  The following individual(s) and I currently co-own real estate located at (Please use supplement "Part C" of this form if more space is needed): _____

_____

_____

❑ E.  I have beneficial interest in a land trust.

Name of Trustee: _____

Address of Trustee: _____

The beneficial interest is listed in my name and _____

An assignment of beneficial interest in the land trust was signed to secure a loan from

Name of Lender: _____

Address of Lender: _____

❑ F.  My financial assets are as follows (Select all that apply):

    ❑ Checking Account at _____ with a balance of $ _____

    ❑ Savings Account at _____ with a balance of $ _____

    ❑ Money Market at _____ with a balance of $ _____

    ❑ Certificate of Deposit at _____ with a value of $ _____

    ❑ Safe Deposit Box at _____

    ❑ Stocks /Bonds: _____

    ❑ Other Accounts: _____

      Account Type _____  Financial Institution _____  Balance/Value _____

❑ G.  I own the following selected items: _____

      ❑ Vehicle: _____

        Year: _____

        Make: _____

        Model: _____

        VIN #: _____

❑ Jewelry (Please provide a detailed description of each item owned): _____

_____

❑ Personal Computer      ❑ DVD Player      ❑ Television

❑ Stove      ❑ Microwave      ❑ Work Tools

❑ Business Equipment      ❑ Farm Equipment

❑ Other property (Please provide a detailed description of each item owned): _____

_____

_____

Signature of Judgment Debtor: _____  Date: _____

Page 5 of 5) (10/10/12) CCG 0127 C

## Income and Assets Supplemental Form

FILED DATE: 11/16/2018 10:00 AM   2014200179 1

FILED DATE: 11/4/2019 12:00 AM   20142001791

# EXHIBIT B

(This form replaces CCMD 0637-2 thru 6)                                    (Rev. 3/16/01)  CCM 0637

FILED DATE: 11/4/2019 12:00 AM    20142001791

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### SECOND   MUNICIPAL DISTRICT

ROBERT GOLDEN

               **Plaintiff**

v.                                                        } No. 2014 M2 001791

LANNY GIBRICK

               **Defendant**

### ORDER

**This matter having come before the court, the court having jurisdiction as being fully advised in the premises:**

**IT IS ORDERED AS FOLLOWS:**

4219 ☐
4001 ☒  **XP Default Judgment for Plaintiff For $** 16,374.23 **and Costs.**
9207 ☐  **Payment Plan** ☐ yes ☐ no.
9293 ☐  **Assess costs** _____

4002 ☐  **XP Default Judgment for Defendant For $** _____ **and Costs.**
4219 ☐  **(on counter complaint or third party complaint)**
4293 ☐  **4293 Assess costs** _____

4001 ☒  **XP Default Judgment For Plaintiff**

4301 ☐  **XP Default Judgment for specific Litigant**
4219 ☐
8001 ☐  **Judgment for Plaintiff after trial for $** _____ **and Costs.**
9207 ☐  **Payment Plan** ☐ yes ☐ no.
4293 ☐  **Assess costs** _____

8002 ☐  **Judgment for Defendant after Trial**

8301 ☐  **Judgment for Specific Litigant after Trial in favor of**

_____ **For $** _____ **and Costs.**

Associate Judge Jeffery L. Warnick

DEC 1 6 2014

Circuit Court-2024

☒  **See Attached Order** Judgment itemized as follows: $8,000 compensatory damages
$5,000 punitive damages for fraud
$3,374.23 in attorney's fees and costs

Atty. No. 38354

Name: Brendan Appel

Attorney For: Plaintiff

Address: 191 Waukegan Rd Ste 360

City/Zip: Northfield IL 60093

Enter: _____, _____

Associate Judge Jeffery L. Warnick

**Judge**

DEC 1 6 2014 **Judge's No.**

Circuit Court-2024

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

FILED DATE: 11/4/2019 12:00 AM   20142001791

# EXHIBIT C

FILED DATE: 11/4/2019 12:00 AM   2014201791

## United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | A. Benjamin Goldgar | CASE NO. | 15 B 23651 |
|---|---|---|---|
| DATE | February 16, 2018 | ADVERSARY NO. | 16 A 14 |
| CASE TITLE | Robert Golden v. Lanny R. Gibrick | | |
| TITLE OF ORDER | Order granting plaintiff Robert R. Golden's motion for sanctions | | |

**DOCKET ENTRY TEXT**

The balance of Robert Golden's motion to compel and for sanctions is granted. Defendant Lanny Gibrick's answer to the adversary complaint will be stricken and a default judgment entered against him declaring that his debt to Golden in the amount alleged in the complaint is nondischargeable.

**[For further details see text below.]**

---

### STATEMENT

Before the court for ruling in this adversary proceeding is balance of a motion to compel and for sanctions that plaintiff Robert Golden filed against defendant Lanny Gibrick in 2016. Only the sanctions portion remains. For the reasons below, that portion will be granted. Gibrick's answer will be stricken, and a default judgment entered against him on the complaint.

#### 1. Background

The relevant facts are taken from the court's docket and Golden's supplemental memorandum in support of his motion. The facts are not in dispute.

Gibrick's chapter 7 case began life in July 2015. In January 2016, Golden filed an adversary complaint against Gibrick alleging that Gibrick owed him a debt nondischargeable under section 523(a)(2)(A) of the Code. The debt arose out of Gibrick's agreement to furnish and install window treatments at Golden's residence. The window treatments were never installed. Instead, Golden alleges, Gibrick closed his business, took Golden's deposit, and ran.

After Gibrick answered the complaint, Golden began taking discovery, serving Gibrick with interrogatories and a document request. When Golden failed to sign his interrogatory answers or provide any written response to the document request, Gibrick moved to compel proper responses. Part of the motion sought sanctions for what Golden termed Gibrick's

FILED DATE: 11/4/2019 12:00 AM   2014201791

## STATEMENT

"spoliation of evidence." Gibrick no longer had any text messages relating to the transaction with Golden because, he said, he had changed cell phones. That was the alleged spoliation.

On November 18, 2016, the court granted the motion in part and continued it in part. The request to compel discovery responses was granted, and Gibrick was ordered to serve a proper response to the document request, to produce documents in response to the request, and to serve proper, signed and sworn interrogatory answers. The sanctions request was continued and set for further briefing. In his reply memorandum, Golden indicated that Gibrick's deposition would be necessary.

Meanwhile, on December 2 or thereabouts, Gibrick provided a written response to the document request and produced a few pages of documents. In response to Golden's requests for documents relating to (1) orders made on Golden's behalf, (2) the installation at Golden's home, (3) communications relating to Golden, and (4) Gibrick's bank records, Gibrick responded: "No such documents exist to my knowledge." Attached to the response was a sworn statement from Gibrick declaring: "I have read the foregoing Responses, which are based on a diligent and reasonable effort by me to obtain information currently available." The statement also declared that "these Responses are true to the best of my present knowledge, information, and belief."

Less than three weeks later, on December 22, 2016, Golden took Gibrick's deposition. Gibrick testified that when he closed his business, he moved the records from the business to his residence in Buffalo Grove where he put them in his garage where he continued operating for a time. Asked whether the records were still in the garage, Gibrick said he didn't know. Asked whether he had searched the garage for the documents, he responded: "No. It's very messy." "So you haven't gone through and looked through the garage for any of this stuff?" the questioning continued. "No," Gibrick said.

Gibrick also testified that he had in fact placed an order for the window treatments with the Hunter Douglas company. But according to Golden, discovery from Hunter Douglas later revealed that Gibrick had placed no orders with the company that year – not for Golden and not for anyone else.

Finally, Gibrick testified that he had changed cell carriers, and when he did so he turned in his phone. As a consequence, he had not saved any of the text messages on the phone.

Gibrick's sanctions request was continued for many months while the parties sought to settle their dispute. When settlement discussions foundered, the court set the sanctions request for supplemental briefing based on the deposition Golden had taken of Gibrick.

In his supplemental memorandum, Golden asserts that Gibrick should be sanctioned and a default judgment entered against him. Golden offers three bases for his request: (1) the Hunter Douglas discovery shows Gibrick perjured himself at his deposition when he said he had placed

FILED DATE: 11/4/2019 12:00 AM    2014200179I

# STATEMENT

an order for Golden; (2) Gibrick's deposition testimony shows he committed spoliation of evidence in connection with the disposition of his cell phone; and (3) Gibrick's deposition testimony shows he perjured himself in his sworn statement supplied with his response to Golden's document request when he said he had conducted a "diligent and reasonable" search for documents. Golden filed no memorandum objecting to the imposition of sanctions.

## 2. Discussion

Gibrick's motion will be granted and Gibrick sanctioned. The false statement he furnished in response to the document request about his supposedly diligent search is reason enough to impose a severe sanction. Gibrick's answer will be stricken and a default judgment entered against him on the adversary complaint.

The sources of authority to impose that sanction here are two. The first is Rule 37. Fed. R. Civ. P. 37 (made applicable by Fed. R. Bankr. P. 7037). Rule 37(b)(2)(A)(iv) provides that if a party fails to obey a discovery order, the court may, among other things, render a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(iv). Even in the absence of a discovery order, Rule 37(c)(1) provides that when a party fails to provide information as Rule 26(e) requires – meaning the party fails to supplement his response to a request for production of documents – the court may impose sanctions under Rule 37(b)(2)(A), including entry of a default judgment under Rule 37(b)(2)(A)(iv), unless the party shows the failure was either substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

Entry of a default judgment is permitted under Rule 37 upon a finding of willfulness, bad faith, or fault, provided the court first considers and explains why lesser sanctions would be inappropriate. *Heckler & Koch, Inc. v. German Sport Guns GmbH*, No. 11-CV-01108-SEB, 2015 WL 4878644, at *10 (S.D. Ind. May 22, 2015), *report and recommendation adopted*, 2015 WL 4878191 (S.D. Ind. Aug. 14, 2015). "Bad faith" for this purpose means conduct that is either intentional or in reckless disregard of a party's obligations. *Id.* "Fault" means "more than a mere mistake" and suggests "objectively unreasonable behavior." *Id.* (internal quotation omitted).

The other source of authority for entry of a default judgment is the court's inherent authority. Federal courts have inherent authority "'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Reid v. Wolf (In re Wolf)*, 566 B.R. 233, 235-36 (Bankr. N.D. Ill. 2017) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). That includes the power "'to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Id.* at 236 (quoting *Chambers*, 501 U.S. at 44-45).

Sanctions under a court's inherent authority must be awarded "with restraint and discretion," *Chambers* 501 U.S. at 44, but are warranted where a party has acted in "bad faith" – that is, "vexatiously, wantonly, or for oppressive reasons." *Sell v. Country Life Ins. Co.*, 189 F. Supp. 3d 925, 929 (D. Ariz. 2016) (internal quotation omitted); *see also Chambers*, 501 U.S. at

FILED DATE: 11/4/2019 12:00 AM   2014200I791

## STATEMENT

45-46.

A severe sanction is warranted against Gibrick. Gibrick has dragged his feet in responding to Golden's discovery ever since he answered the complaint. His failures to respond properly to Golden's interrogatories and document request necessitated a motion to compel, which was granted. Gibrick was specifically ordered to "serve a proper written response to the document request" and "produce documents [in] response to the request." (Dkt. No. 32). Despite that order, he produced virtually no documents, asserting in his response that no responsive documents existed and swearing separately that the response was the product of "a diligent and reasonable effort . . . to obtain information currently available." But the sworn statement was a lie. Gibrick admitted at his deposition that after he closed his business he had stored records from the business in his garage, and he had never bothered to search the garage for the documents. His sole excuse: "It's very messy."

Gibrick's perjured statement that he had conducted a diligent search for documents was at the very least made in reckless disregard of his obligations as a party to this litigation. It was more than a mere mistake. For that matter, it was more than just objectively unreasonable, especially coming after a court order that required him to obey the rules and respond properly. Gibrick's failure to look for documents in the one place he had stored them after his business closed shows he could not have cared less whether he performed a proper search. Nor could he have cared less whether in the end he produced documents to Golden. His goal was delay, no matter how achieved. Because he has not seen fit to respond to Golden's request for sanctions, Gibrick has also failed to show (as it was his burden to show) that his failure to respond was either harmless or substantially justified. In fact, it was neither.

A sanction less severe than entry of judgment by default, finally, would not be appropriate. Further discovery orders, such as an order requiring Gibrick at long last to search his garage and produce documents, would be insufficient and would serve only to reward his stalling. Equally pointless would be an order barring Gibrick from introducing particular evidence at trial. The problem here is a *defendant's* failure to produce documents to a *plaintiff*. Golden, not Gibrick, will have the burden of proof if the matter went to trial. Gibrick can defend this proceeding, and evidently intends to do so, without taking discovery or introducing any evidence at trial. A monetary penalty – a fine or an award of attorney's fees – would be pointless, as well. Gibrick is a chapter 7 debtor. The likelihood that Golden could recover any monetary penalty from Gibrick (or that Gibrick would ever pay such a penalty to the clerk of the court) is minimal.

The punishment Golden requests fits Gibrick's crime. Given the seriousness of Gibrick's misconduct – not only failing to produce documents after entry of an order to produce them but stating under oath that he had conducted a diligent search for those documents when he had not – the sanction of a default judgment is entirely warranted, both under Rule 37 and under the court's inherent authority. *See, e.g., Sell*, 189 F. Supp. 3d at 944-45 (entering default judgment as a

FILED DATE: 11/4/2019 12:00 AM   2014200171791

## STATEMENT

sanction against defendant that produced no documents and asserted falsely that a "reasonable search" had been conducted).[1]

### 3. Conclusion

For these reasons, the balance of Robert Golden's motion to compel and for sanctions is granted. Defendant Lanny Gibrick's answer to the adversary complaint will be stricken and a default judgment entered against him declaring that his debt to Golden in the amount alleged in the complaint is nondischargeable.

Dated: February 16, 2018

A. Benjamin Goldgar
United States Bankruptcy Judge

---

[1]     In *Sell*, the court entered a default judgment although the defendant at least conducted a search and produced documents after having been caught in its false statement. *Sell*, 189 F. Supp. 3d at 933. Gibrick, by contrast, has taken no steps to produce documents to Golden although his lie about making a "diligent and reasonable effort" to search for them was exposed at his deposition over a year ago.

FILED DATE: 11/4/2019 12:00 AM    20142001791

# EXHIBIT D

*Return to:*
*Ronald L. Bell + associates*
*1275 Barclay Blvd #100*
*Buffalo Grove Fl 60089*

Image# 045231280003 Type: MTG
Recorded: 09/08/2009 at 08:49:06 AM
Receipt#: 2009-00042557
Total Amt: $39.00 Page 1 of 3
IL Rental Housing Fund: $10.00
Lake County IL Recorder
Mary Ellen Vanderventer Recorder

File **6518644**

# SECOND MORTGAGE

$100,000.00                                September 1, 2009

501 Thorndale Drive, Buffalo Grove, IL  60089

This Second Mortgage ("Security Instrument") is given on September 1, 2009.  The Mortgagor(s) are Lanny R. and Sarah Gibrick, whose address is 501 Thorndale Drive, Buffalo Grove, IL  60089 ("Borrower").  This Security Instrument is given to John and Dana Burgess, who address is 55 S. Wynstone Drive, Barrington, IL  60010 ("Lender").  Borrower's owes Lender the principal sum of One Hundred Thousand Dollars (U.S. :$100,000.00).  This debt is evidenced by Borrower's note ("Note) dated the same date as this Security Instrument, which provides for the circumstances under which the principal sum will become due and payable.

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note and in accordance with the terms of the Note, and (b) the performance of Borrower's promises and agreement under this Security Instrument and the Note.  For this purpose, borrower does hereby mortgage, grant and convey to the Lender, the following described property located in Lake County, Illinois:

> **LOT 25 IN AMBERLEY, BEING A SUBDIVISION IN THE NORTH OF SECTION 33, TOWNSHIP 43 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED JULY 13, 1988 AS DOCUMENT 2700262, IN LAKE COUNTY, ILLINOIS.  PERMANENT INDEX NUMBER: 15-33-104-045. COMMONLY KNOWN AS 501 THORNDALE DRIVE, BUFFALO GROVE, IL 60089.**

**TOGETHER WITH** all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter part of property.  All replacements and additions shall also be covered by this Security Instrument.  All of the foregoing is referred to in this Security Instrument as the "Property."

1

FILED DATE: 11/4/2019 12:00 AM    20142001791

**BORROWERS PROMISES** that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

1. **Payment of Principal and Interest**: Borrower shall pay, when due and payable, the principal sum of the debt evidenced by the Note and according to the terms of the Note.

2. **Occupancy**: Borrower shall own and occupy, establish and use the Property as Borrower's sole residence and shall continue to occupy the Property as Borrower's sole residence.

3. **Fees**: Lender may collect fees and charges authorized by the Note.

4. **Grounds for Acceleration of Debt**: Lender may require immediate payment in full of all sums secured by this Security Instrument as evidenced by the Note after any default by the Borrower in the event the Borrower fails to make timely payment hereunder.

5. **Foreclosure Procedure**: If Lender requires immediate payment in full under Paragraph 4 above, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing remedies provided in paragraph 5, including but not limited to, reasonable attorney's fees and cost of title evidence.

   If Lender invokes the power of sale, Lender shall give notice to Borrower in the manner provided in paragraph 7. Lender shall publish and post the notice of sale, and the Property shall be sold in the manner prescribed by applicable law. Lender or its designee may purchase the property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including but not limited to, reasonable attorney's fees; (b) to all sums secured by this Security Instrument as evidenced by the Note; and (c) any excess to the person or persons legally entitled to it.

6. **Joint and Several Liability; Co-Signers**: Borrower's promises and agreements shall be joint and several. Any borrower who is not a law enforcement officer, teacher or firefighter/emergency medical technician who co-signs this Security Instrument, but does not execute the Note is: (a) co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) not personally obligated to pay the sums secured by the Security Instrument as evidenced by the Note; (c) not obligated to live in the Property as his or her sole residence for three years; and (d) agrees that Lender and any other Borrower may agree to make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

FILED DATE: 11/4/2019 12:00 AM   20142001791

7.   **Notices:** Any notice that must be given to Borrower under this Security Instrument will be given by delivering it or by mailing it by first class mail to Borrower at the Property address above.

Any notice that may be given to the Lender under this Security Instrument will be given by mailing it first class mail to the Lender at the address stated above or at a different address, if Borrower is given notice of that different address.

8.   **Governing Law; Severability:** This Security Instrument shall be governed by Federal Law. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provision of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end, the provisions of this Security Instrument and the Note are declared to be severable.

9.   **Borrower's Copy:** Borrower shall be given one conformed copy of this Security Instrument.

BY SIGNING BELOW, Borrower accepts and agrees to the terms of this Security Instrument.

Borrowers:

_____
Lanny R. Gibrick

OFFICIAL SEAL
TINA J LILJA
Notary Public - State of Illinois
My Commission Expires Mar 20, 2013

_____
Sarah Gibrick

OFFICIAL SEAL
TINA J LILJA
Notary Public - State of Illinois
My Commission Expires Mar 20, 2013

State of Illinois)
                  ) SS
County of Lake)

Subscribed and sworn to before me this ___1___ day of September, 2009. by Lanny R. Gibrick.

_____
Notary Public

State of Illinois)
                  ) SS
County of Lake)

Subscribed and sworn to before me this ___1___ day of September, 2009 by Sarah Gibrick.

_____
Notary Public

3

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Line 1

Robert Golden

~~PEOPLE OF THE STATE OF ILLINOIS~~

v.

No. 14 M2 001791

Lanny Gibrick

## ORDER

This matter having come before the court on the Citations continued from October 15, 2019 against Lanny Gibrick, Roberts Drapery, Vertical Blinds & J.P. Morgan Chase Bank, the Court having jurisdiction and being fully advised, and counsels appearing for Plaintiff & Defendant, and Defendant appearing personally;

It IS HEREBY ORDERED:

1. A rule to show cause is issued against Lanny Gibrick and served on him in open court;

2. Defendant has 21 days to file a response to the Petition for Rule to Show Cause by November 26, 2019;

3. Plaintiff has 14 days to file a reply, if any, by December 10 2019;

4. Hearing on the Rule issued is set for December 18, 2019 at 1:30;

5. Citation against the Defendant is entered and continued to 12/18/19;

6. Third Party Citations are entered by separate order.

Attorney No.: 38354
Name: Law Offices of Brendan Appel
Atty. for: Plaintiff
Address: 191 Waukegan Rd, Ste 360
City/State/Zip: Northfield, IL 60093
Telephone: (847) 730-4224

ENTERED:

Dated: _____

Associate Judge Jeffery L. Warnick

NOV 05 2019

Circuit Court - 2020

Judge

Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT H



**WARRANTY DEED
ILLINOIS
STATUTORY**

REAL ESTATE TRANSFER TAX

| | |
|---|---|
| County: | $240.00 |
| Illinois: | $480.00 |
| Total: | $720.00 |

Stamp No: 0-584-005-984
Declaration ID: 201911049945387
Instrument No: 7614677
Date: 6-Dec-2019

Image# 058850900003 Type: DW
Recorded: 12/06/2019 at 09:38:11 AM
Receipt#: 2019-00065484
Page 1 of 3
Fees: $780.00
IL Rental Housing Fund: $9.00
Lake County IL Recorder
Mary Ellen Vanderventer Recorder

File 7614677

THE GRANTOR, **Lanny Gibrick and Sarah Gibrick, husband and wife,** of the County of Lake, State of Illinois, for and in consideration of Ten and NO/100ths ($10.00) Dollars, and other good and valuable consideration in hand paid, CONVEYS and WARRANTS to **Shilpa Jeril Thomas, a married woman,** whose current mailing address is 310 Normand Ct, Des Plaines, IL60016, all interest in the following described Real Estate situated in the County of Lake in the State of Illinois, to wit:

*LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A"*

SUBJECT TO: covenants, conditions, and restrictions of record; public and utility easements; acts done or suffered through Buyer; all governmental taxes or assessments confirmed and unconfirmed; condominium declaration and bylaws, if any; and general real estate taxes not yet due and payable at time of closing,

hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of the State of Illinois.

Permanent Real Estate Index Numbers:       15-33-104-045-0000

Address of Real Estate:       501 Thorndale Drive
Buffalo Grove, IL60089

Dated this _5th_ day of November, 2019.

**VILLAGE OF BUFFALO GROVE
REAL ESTATE TRANSFER TAX**
43037 $ 1440.00 KH

_____
Sarah Gibrick

_____
**Lanny Gibrick**



**Doc Number: 7614677   Seq: 1**

File Number: 7614677   Page 1 of 3

STATE OF                      )
                                     ) SS

COUNTY OF _Lake_          )

        I, the undersigned, a Notary Public and for said County, in the State aforesaid, CERTIFY THAT **Lanny Gibrick and Sarah Gibrick**, personally known to me to be the same person(s) whose name are subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that they signed, sealed and delivered the said instrument as their free and voluntary act, for the uses and purposes therein set forth, including the release and waiver of the right of homestead.

        Given under my hand and official seal, this _16th_ day of November, 2019.

```
ADRIANNE EBY
Official Seal
Notary Public - State of Illinois
My Commission Expires May 13, 2020
```

_____
Notary Public

---

Prepared by:     William L. Kabaker
                 951 Forestway Drive
                 Glencoe, IL  60022

---

Mail to:     Shilpa Jeril Thomas
             310 Norman Lt.
             Des Plaines, IL 60016

Name and address of Taxpayer:
             Shilpa Jeril Thomas
             561 Thorndale Dr.
             Buffalo Grove, IL  60089

**Grantee herein is prohibited from conveying captioned property for any sales price for a period of 30 days from the short sale closing date November 15, 2019 (closing date). After this 30 day period, Grantee is further prohibited from conveying the property for a sales price greater than $576,000(120% of purchase price until 90 days from the short sale 11/15/2019(closing date).These restrictions shall run with the land and are not personal to the Grantee.**

# EXHIBIT "A"

LOT 25 IN AMBERLEY, BEING A SUBDIVISION IN THE NORTH HALF OF SECTION 33, TOWNSHIP
43 NORTH,RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT
THEREOF RECORDED JULY 13, 1988 AS DOCUMENT 2700262, IN LAKE COUNTY, ILLINOIS.

Permanent Real Estate Index Numbers:          15-33-104-045-0000

Address of Real Estate:                       501 Thorndale Drive
                                              Buffalo Grove, IL60089

# EXHIBIT I

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-M2-001791
ROOM: 0204
PAGE 1 of 31
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
SUBURBAN MUNICIPAL DIVISION
CLERK DOROTHY BROWN

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**SECOND MUNICIPAL DISTRICT, CIVIL DIVISION**

| | | |
|---|---|---|
| ROBERT GOLDEN, an Individual, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2014 M2 001791 |
| | ) | |
| LANNY GIBRICK, an Individual, | ) | Room 202 |
| d/b/a ALAN'S DRAPERIES, INC., | ) | |
| an Illinois Corporation | ) | |
| (involuntarily dissolved). | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PETITION FOR RULE TO SHOW CAUSE**

NOW COMES Plaintiff ROBERT GOLDEN, by and through his attorney, The Law Offices of Brendan R. Appel, LLC, and petitions this Honorable Court to issue a Rule to Show Cause as to why Defendant LANNY GIBRICK should not be held in contempt of Court for lying under oath during a Citation to Discover Assets examination and for transferring assets in violation of Plaintiff's Citation to Discover Assets, and in support thereof, states as follows:

1.      Default judgment was entered against the Defendant on December 16, 2014 in the amount of $16,374.23 plus costs.

2.      Plaintiff issued a Citation to Discover Assets to Defendant on or about May 19, 2015 (the "First Citation"). A copy of the First Citation is attached hereto as **Exhibit A**. Defendant was served with the First Citation via Certified Mail. Plaintiff received a return receipt indicating Defendant signed for the certified mailing of the First Citation on or about May 29, 2015. A copy of this return receipt is attached hereto as **Exhibit B**. The First Citation

directed the Defendant to appear for examination before this Honorable Court on or about June 11, 2015 (the "First Exam").

3.      The First Citation included a Rider which directed the Defendant to produce relevant documents.

4.      The First Citation prohibited Defendant from making or allowing any transfer of property not exempt from the First Citation, or paying or disposing of any non-exempt money.

5.      Defendant appeared at the First Exam without any of the documents.

6.      Defendant was sworn by the Clerk of the Circuit Court and promised to respond truthfully to questions posed to him by Plaintiff's Counsel.

7.      During the First Exam, Defendant stated under oath that he had one bank account with Bank of America, which had a negative balance. He stated that his wife Sarah Gibrick had an account with Chase Bank, but that he had no other accounts. See affidavits of Plaintiff's counsel, attached hereto as **Exhibit C** and **Exhibit D**.

8.      This Honorable Court continued the First Citation to July 2, 2015 (the "Second Exam") and directed the Defendant to bring the documents requested by the First Citation.

9.      On or about June 12, 2015, Plaintiff subpoenaed Chase for statements for the last 12 months for all accounts in the name of Sarah Gibrick or Defendant, and all accounts registered at Defendant's residential address. A copy of this subpoena is attached hereto as **Exhibit E**.

10.     On July 1, 2015, Plaintiff received records from Chase that show Defendant lied under oath during the First Exam. Contrary to his statement that he had "no other accounts" beyond the Bank of America account, Defendant is on three accounts at Chase:

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-M2-001791
PAGE 2 of 31

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-M2-001791
PAGE 3 of 31

    a.   Defendant is named on a joint checking account with his wife (the "Joint Account");

    b.   Defendant is named on a high school checking account with his son, J.G. (the "High School Account"); and

    c.   Defendant is named on a standard checking account with his son, J.G. (the "Third Account").

11.    The most recent statement of the Joint Account, with account numbers redacted, is attached hereto as **Exhibit F**. An affidavit of business records from a Chase Bank employee is attached hereto as **Exhibit G**.

12.    A review of Exhibit F shows Defendant to be an active user of the Joint Account, and shows that Defendant transferred money from the account after receipt of the First Citation on or about May 29, 2015.

13.    Defendant wrote seven checks from May 11, 2015 to June 6, 2015 totaling $4,265.43. Defendant's wife wrote one check for $100.00. See Exhibit F.

14.    The checks written by the Defendant include three checks written after Defendant received the First Citation on May 29, 2015 ordering him not to pay any exempt money:

    a.   Check No. 6250 on June 1, 2015 for $112.00;

    b.   Check No. 6251 on June 1, 2015 for $500.00;

    c.   Check No. 6255 on June 1, 2015 for $211.58.

15.    Exhibit F is only the most recent statement from the Joint Account, and only shows activity which posted to the account up to June 8, 2015. On information and belief, Defendant has continued to use and transfer money from the account.

16.     Based on information Plaintiff received from Chase prior to the receipt of the statements on July 1, 2015, Plaintiff issued a Citation to Discover Assets to Chase on or about June 24, 2015 (the "Second Citation"). The return date for the Second Citation is July 16, 2015.

17.     Further examination reveals Defendant using the Joint Account to fund his profligate lifestyle while he is under a Citation to Discover Assets, and runs contrary to his testimony at the First Exam that he has no assets. On information and belief, Defendant spent $186.63 in golf green fees alone during the most recent statement period of the Joint Account, including on June 4, 2015 after receipt of the Citation to Discover Assets.

18.     Defendant lied under oath when he testified that he had "no other accounts." On information and belief, Defendant lied to prevent the Plaintiff from discovering non-exempt funds. Plaintiff suspects that Defendant has other undisclosed accounts as well.

19.     Defendant transferred funds on at least three occasions after receipt of the First Citation on May 29, 2015 through the issuance of the three checks. These transfers violated the First Citation and have prejudiced the Plaintiff.

20.     This Court should hold Defendant in contempt of Court and sanction Defendant by ordering Defendant to compensate Plaintiff for its costs and attorney's fees incurred in this supplementary proceeding, fining Defendant an appropriate amount, and ordering Defendant to fully comply with his obligations under the Citations.

WHEREFORE, Plaintiff, ROBERT GOLDEN, respectfully requests that this Court enter an order issuing a rule to show cause against Defendant, LANNY GIBRICK d/b/a ALAN'S DRAPERIES, INC., requiring Defendant to explain why he should not be held in contempt of this Court, awarding Plaintiff its reasonable attorney's fees and costs as a sanction to Defendant,

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-M2-001791
PAGE 4 of 31

fining Defendant an appropriate amount, and ordering Defendant to fully comply with his

obligations under the Citations, and for such further relief as this Court deems just and necessary.

**Dated:**      **July 1, 2014**

Respectfully submitted,

The Law Offices of Brendan R. Appel, LLC
Attorney for Plaintiff

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-M2-001791
PAGE 5 of 31

The Law Offices of Brendan R. Appel, LLC
Brendan R. Appel
Alex P. Blair
191 Waukegan Road, Suite 360
Northfield, Illinois 60093
(847) 730-4224          (847) 730-4114 (facsimile)
Attorney No.: 38354

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-M2-001791
PAGE 6 of 31

# EXHIBIT A

(Rev. 12/4/00) CCG 0005 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ROBERT GOLDEN

v.

LANNY GIBRICK d/b/a ALAN'S DRAPERIES, INC.

No. 2014 M2 001791

### CITATION TO DISCOVER ASSETS

To: Lanny Gibrick, 501 Thorndale Dr., Buffalo Grove, IL 60089

YOU ARE COMMANDED to appear before Judge Roger Fein _____ or any judge sitting in his/her stead in Room 202 _____ at the location of 5600 Old Orchard Rd., Skokie _____ Illinois, on Dec 11 _____, 2015, at 9:30 a.m. to be examined under oath to discover assets or income not exempt from enforcement of a judgment.

A judgment in favor of Robert Golden _____ and against Lanny Gibrick d/b/a Alan's Draperies was entered on December 16 _____, 2014 _____ (or revived on _____, _____) in the amount of $ 16,374.23 + costs and $ 18,790.58 _____ remains unsatisfied, including costs and post-judgment interest.

YOU ARE COMMANDED to produce at the examination:

All documents requested in Addendum A of this Citation to Discover Assets,

and all books, papers or records in you possession or control which may contain information concerning the property or income of, or indebtedness due judgment debtor.

YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which the judgment debtor may be entitled or which may be acquired by or become due to the judgment debtor and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the judgment debtor, until further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment.

WARNING: YOUR FAILURE TO APPEAR IN COURT AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.

### CERTIFICATE OF ATTORNEY (OR NON - ATTORNEY)

NOTE: THIS CITATION MUST BE ACCOMPANIED AT THE TIME OF SERVICE BY EITHER A COPY OF THE UNDERLYING MEMORANDUM OF JUDGMENT OR A CERTIFICATION BY EITHER THE CLERK THAT ENTERED THE JUDGMENT OR THE ATTORNEY FOR THE JUDGMENT CREDITOR SETTING FORTH THE FOLLOWING:

In the Circuit Court of Cook County (or other Jurisdiction _____) on December 16 _____, 2014 _____ (specify)

A judgment in the amount of $ 16,374.23 + costs was entered in favor of Robert Golden _____ and against Lanny Gibrick d/b/a Alan's Draperies, Inc. _____ in Case No. 2014 M2 001791 _____ and a balance of $ 18,790.58 _____ remains unsatisfied, including costs and post-judgment interest

I, the undersigned certify to the Court, under penalties as provided by law pursuant to 735 ILCS 5/1-109 that all information stated herein is true.

Atty. No.: 38354

Name: Alex P. Blair

Address: 191 Waukegan Road, Ste. 360

City/State/Zip: Northfield, IL 60093

Telephone: 847.730.4224

_____ (Signature of Attorney)

WITNESS: _____

_____
Clerk of Circuit Court

SEAL

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

(Rev. 12/4/00)  CCG 0005 B

_____ on oath states:

I am over 18 years of age and not a party to this case.  I served the Citation To Discover Assets as follows:

on _____ by leaving a copy with him/her personally on _____, _____,

at the hour of _____ m., at _____ Street, in _____, Illinois.

or

on _____ by leaving on _____, _____, at the hour of _____ m.,

at _____ Street, in _____, Illinois, his/her usual place of abode

with, _____ a person of his/her family of the age of 13 or upwards informing that person

of the contents of the Citation to Discover Assets, and also by sending on  a true and correct copy on

_____, _____, by prepaid Registered Mail, addressed to him/her; Return Receipt
Requested, delivery limited to addressee only.  The registry receipt signed by addressee on

_____, _____, is attached.

(attach receipt here)

ELECTRONICALLY FILED
7/1/2015 6:35 PM
2014-M2-003591
PAGE 8 of 11

_____

**Signed and sworn to before me on this _____

day of _____, _____

_____
             Notary Public

**If service is made by sheriff, return may be made by certificate rather than by sworn affidavit.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## ADDENDUM A TO CITATION TO DISCOVER ASSETS
## DOCUMENTS TO BE PRODUCED

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-M2-001791
PAGE 9 of 31

1.   Copies of state and federal income tax returns for the last three years.

2.   Earnings statements from your last twelve months' worth of paychecks or other income to you.

3.   Business records for the present year and past calendar year which reflect assets, liabilities, gross receipts and expenses for any sole proprietorship, partnership, limited liability company or corporation in which you, or your spouse, own any interest.

4.   Current bank statements for the past 12 months from all banks, or other financial institutions, where any sole proprietorship, partnership, limited liability company or corporation in which you, or your spouse, own any interest, has had an account of any kind.

5.   Current bank statements for the past 12 months from all banks, or other financial institutions, where you, or your spouse have an account of any kind.

6.   All trust agreements in which you, or your spouse, are named trustor, trustee or beneficiary.

7.   All deeds, leases, contracts, and other documents representing any ownership interest you, or your spouse, have in any real property, and all deeds of trust, mortgages, or other documents evidencing encumbrances of any kind on your real property.

8.   All stocks, bonds, or other security of any class you may own, by you separately, or jointly with others, including options to purchase any securities.

9.   Titles to all motor vehicles owned or leased by you, your spouse, or any children living at your home. Including, but not limited to, the following vehicles:

   a.   2000 Chevrolet Blazer, Plate No. S783576, VIN No. 1GNCT18W0YK246363

   b.   2007 Chevrolet Express G2500, VIN No. 1GCGG25V171154876

10.  The payment book or last three months' monthly statements, for any motor vehicle owned or leased by you, your spouse, or any children living at your home.

11.  All life insurance policies in which you are either the insured or the beneficiary.

12.  All promissory notes held by you, and all other documents evidencing any money owed to you either now or in the future.

13.  All deeds, bills of sale, or other documents prepared in connection with any transfer made by you, either by gift, sale, or otherwise, in the last three years.

14. A schedule of all regular expenses paid by you, such as installment debts, food, utilities, etc. Include the amount paid, the payee, and, if an installment debt, the amount of debt owing and any security pledged.

15. All documents evidencing any interest you have in any pension plan, retirement fund, or profit sharing plan.

16. All records pertaining to your assets and finances.

17. All records of any unincorporated business of which you are an owner or part owner, or have been an owner.

18. All statements for the past twelve months from any person or entity, including, without limitation, your attorneys, showing any escrow, retainer or account balance.

19. All applications for credit or loans completed by you or any entity in which you have an interest for the past twenty four months.

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-M2-001791
PAGE 10 of 31

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-M2-001791
PAGE 11 of 31

# **EXHIBIT B**