Law Offices of Brendan R. Appel LLC
191 Waukegan Road, Suite 360
Northfield, IL 60093



CERTIFIED MAIL

PS Form 3800 6/02

9407 1118 9956 2343 3265 26

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: ( □ Addressee or □ Agent)

X

B. Received By: (Please Print Clearly)

C. Date of Delivery

5/27/15

D. Addressee's Address (If Different From Address Used by Sender.)

Secondary Address / Suite / Apt. / Floor    (Please Print Clearly)

Delivery Address

City          State     ZIP + 4 Code

**RETURN RECEIPT REQUESTED**

Article Addressed To:

Lanny Gibrick
501 Thorndale Drive
Buffalo Grove IL 60089-6707

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-M2-001791
PAGE 12 of 31

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-M2-001791
PAGE 13 of 31

# EXHIBIT C

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## SECOND MUNICIPAL DISTRICT, CIVIL DIVISION

ROBERT GOLDEN, an Individual,    )
 )
 )
    Plaintiff,    )
 )
v.    )    2014 M2 001791
 )
LANNY GIBRICK, an Individual,    )    Room 202
d/b/a ALAN'S DRAPERIES, INC.,    )
an Illinois Corporation    )
(involuntarily dissolved).    )
 )
 )
    Defendant.    )

## AFFIDAVIT OF BRENDAN R. APPEL
## IN SUPPORT OF PETITION FOR RULE TO SHOW CAUSE

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-M2-001791
PAGE 14 of 31

STATE OF ILLINOIS    )
    ) ss
COUNT OF COOK    )

I, Brendan R. Appel, an attorney being first duly sworn, depose and states as follows:

1.    I am the principal attorney at The Law Offices of Brendan R. Appel, LLC. I maintain offices at 191 Waukegan Road, Suite 360, Northfield, IL 60093-2744. I have been licensed to practice law in the State of Illinois and before the United States District Court for the Northern District of Illinois since on or about November 9, 2000.

2.    On or about June 11, 2015, I appeared before this Honorable Court on behalf of the Plaintiff in the above-captioned litigation for a Citation to Discover Assets examination.

3.    Upon arriving, I met the Defendant Lanny Gibrick.

4.    Mr. Gibrick, myself, and my associate Mr. Alex Blair approached the bench and Mr. Gibrick was sworn in by the Clerk for the citation examination. Mr. Gibrick promised that

his whole testimony would be the truth. After Mr. Gibrick was sworn, Mr. Gibrick, myself and Mr. Blair went into the hallway outside of the courtroom to conduct the examination.

5. During the examination I inquired at length about Mr. Gibrick's financial assets. Mr. Gibrick stated that he had one bank account, which was with Bank of America. Mr. Gibrick stated that his wife Sarah Gibrick had an account with Chase Bank. Mr. Gibrick stated that that account was not in his name. Mr. Gibrick stated that his name was on no other bank accounts.

6. After the citation examination concluded, Mr. Blair subpoenaed Chase Bank for the last 12 months of statements for all accounts in the name of Sarah Gibrick or Defendant, and all accounts registered at Defendant's residential address.

7. On July 1, 2015, my office received documents from Chase Bank that showed Mr. Gibrick's name to be on three bank accounts with Chase. Mr. Gibrick is on a joint account with Sarah Gibrick and two accounts with his son, J.G.

8. Mr. Gibrick did not testify as to the existence of these accounts despite my question if he was named on any other accounts.

9. Plaintiff has incurred significant legal fees and costs in discovering assets hidden by Mr. Gibrick's lies. Plaintiff would not have incurred these fees but for Mr. Gibrick's obfuscations.

Further Affiant Sayeth Not.

Brendan R. Appel

Sworn and subscribed before me
this 1st day of July, 2015

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-M2-001791
PAGE 15 of 31

## **VERIFICATION**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____

Brendan R. Appel

Signed this 1st day of July, 2015.

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-M2-001791
PAGE 16 of 31

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-M2-001791
PAGE 17 of 31

# **EXHIBIT D**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## SECOND MUNICIPAL DISTRICT, CIVIL DIVISION

ROBERT GOLDEN, an Individual,    )
    )
    )
    Plaintiff,    )
    )
v.    )    2014 M2 001791
    )
LANNY GIBRICK, an Individual,    )    Room 202
d/b/a ALAN'S DRAPERIES, INC.,    )
an Illinois Corporation    )
(involuntarily dissolved).    )
    )
    )
    Defendant.    )

### AFFIDAVIT OF ALEX P. BLAIR
### IN SUPPORT OF PETITION FOR RULE TO SHOW CAUSE

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-M2-001791
PAGE 18 of 31

STATE OF ILLINOIS    )
    ) ss
COUNT OF COOK    )

I, Alex P. Blair, an attorney being first duly sworn, depose and states as follows:

1.    I am an associate attorney at The Law Offices of Brendan R. Appel, LLC.  I maintain offices at 191 Waukegan Road, Suite 360, Northfield, IL 60093-2744.  I have been licensed to practice law in the State of Illinois since October 31, 2013.

2.    On or about June 11, 2015, I appeared before this Honorable Court on behalf of the Plaintiff in the above-captioned litigation for a Citation to Discover Assets examination.

3.    Upon arriving, I met the Defendant Lanny Gibrick.

4.    Mr. Gibrick, myself, and my principal attorney Mr. Brendan Appel approached the bench and Mr. Gibrick was sworn in by the Clerk for the citation examination. Mr. Gibrick promised that his whole testimony would be the truth. After Mr. Gibrick was sworn, Mr. Gibrick,

myself and Mr. Appel went into the hallway outside of the courtroom to conduct the examination.

5.      During the examination Mr. Appel inquired at length about Mr. Gibrick's financial assets. Mr. Gibrick stated that he had one bank account, which was with Bank of America. Mr. Gibrick stated that his wife Sarah Gibrick had an account with Chase Bank. Mr. Gibrick stated that that account was not in his name. Mr. Gibrick stated that his name was on no other bank accounts.

6.      After the citation examination concluded, I subpoenaed Chase Bank for the last 12 months of statements for all accounts in the name of Sarah Gibrick or Defendant, and all accounts registered at Defendant's residential address.

7.      On July 1, 2015, my office received documents from Chase Bank that showed Mr. Gibrick's name to be on three bank accounts with Chase. Mr. Gibrick is on a joint account with Sarah Gibrick and two accounts with his son, J.G.

8.      Mr. Gibrick did not testify as to the existence of these accounts despite Mr. Appel's question if he was named on any other accounts.

9.      Plaintiff has incurred significant legal fees and costs in discovering assets hidden by Mr. Gibrick's lies. Plaintiff would not have incurred these fees but for Mr. Gibrick's obfuscations.

Further Affiant Sayeth Not.

Alex P. Blair

Sworn and subscribed before me
this 1st day of July, 2015

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-M2-001791
PAGE 19 of 31

## **VERIFICATION**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Alex P. Blair

Signed this 1st day of July, 2015.

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-M2-001791
PAGE 20 of 31

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-M2-001791
PAGE 21 of 31

# **EXHIBIT E**

Subpoena

(Rev. 2/17/04) CCG 0106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Robert Golden

Petitioner

v.                                                          No. 2014 M2 001791

Lanny Gibrick d/b/a Alan's Draperies, Inc.

Respondent

### SUBPOENA

TO: Chase Bank

2370 Waukegan Road

Northbrook, IL 60062

**YOU ARE COMMANDED** to mail the following documents in your possession or control to The Law Offices of Brendan R. Appel, LLC,    at 191 Waukegan Road, Ste. 360, Northfield, IL on or before June 30                    , 2015    at 9:30        a. m.:

Statements for the last twelve months for all accounts in the name of SARAH GIBRICK or LANNY GIBRICK, Thorndale Drive, Buffalo Grove, IL 60089; and

Statements for the last twelve months for all accounts with 501 Thorndale Drive, Buffalo Grove, IL 60089 as the registered address.

**THIS IS FOR RECORDS ONLY. THERE WILL BE NO ORAL INTERROGATORIES. YOUR FAILURE TO RESPOND TO THIS SUBPOENA WILL SUBJECT YOU TO PUNISHMENT FOR CONTEMPT OF THIS COURT.**

ELECTRONICALLY FILED
6/2015 4:39 PM
2014-M2-001791
PAGE 11 of 11

Atty. No.: 38354

Atty. Name: Alex P. Blair

Atty. for: Plaintiff

Address: 191 Waukegan Road, Ste. 360

City/State/Zip: Northfield, IL 60093

Telephone: (847) 730-4224

Witness    June 12            , 2015

**Attorney for Plaintiff**

I served this subpoena by mailing a copy to Chase Bank at the above address        by certified mail, return receipt requested (Receipt #_____) on June 12            , 2015

I paid the witness $ 0.00            for witness and mileage fees.

DORIS M APPEL
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
December 02, 2017

Signed and sworn to before me this 12th    day of    June        , 2015

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-M2-001791
PAGE 23 of 31

# EXHIBIT F

# CHASE ◑

JPMorgan Chase Bank, N.A.
P O Box 659754
San Antonio, TX 78265-9754

May 09, 2015 through June 08, 2015



### CUSTOMER SERVICE INFORMATION

| | |
|---|---|
| Web site: | Chase.com |
| Service Center: | **1-800-935-9935** |
| Deaf and Hard of Hearing: | 1-800-242-7383 |
| Para Espanol: | 1-877-312-4273 |
| International Calls: | 1-713-262-1679 |

LANNY R GIBRICK
OR SARAH GIBRICK
501 THORNDALE
BUFFALO GROVE IL 60089-6707

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-M2-001791
PAGE 24 of 31

## CHECKING SUMMARY    Chase Better Banking Checking

| | AMOUNT |
|---|---|
| Beginning Balance | $765.27 |
| Deposits and Additions | 11,740.13 |
| Checks Paid | - 4,365.43 |
| ATM & Debit Card Withdrawals | - 6,087.65 |
| **Ending Balance** | **$2,052.32** |

Good News. Your Monthly Service Fee was waived because you had at least a $1,500 balance in your Chase Better Banking Checking account at the end of the business day before the last day of your statement period or an average daily balance of $5,000 in qualifying linked deposits, investments, credit cards, mortgage and other loans during your statement period.

## DEPOSITS AND ADDITIONS

| DATE | DESCRIPTION | | AMOUNT |
|---|---|---|---|
| 05/11 | Deposit | 1477921945 | $190.00 |
| 05/12 | Deposit | 1478171711 | 2,380.00 |
| 05/15 | Deposit | 1478171988 | 880.00 |
| 05/22 | Deposit | 1469994082 | 409.54 |
| 05/27 | Deposit | 1469994072 | 409.54 |
| 05/29 | Deposit | 1453376778 | 3,400.00 |
| 05/29 | Deposit | 1453376572 | 1,490.00 |
| 06/01 | Deposit | 1483811294 | 690.00 |
| 06/01 | Deposit | 1504907952 | 409.54 |
| 06/04 | Deposit | 1470255366 | 550.00 |
| 06/08 | Deposit | 1478271916 | 931.51 |
| **Total Deposits and Additions** | | | **$11,740.13** |

24-Jun-15    24Jun15-73

THIS PAGE IS PART OF A STATEMENT REQUEST
GROUP ID G24Jun15-73

**CHASE ◯**

May 09, 2015 through June 08, 2015

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-M2-001791
PAGE 25 of 31

## CHECKS PAID

| CHECK NO. | DESCRIPTION | DATE PAID | AMOUNT |
|---|---|---|---|
| 6246 ^ | | 05/21 | $407.00 |
| 6247 ^ | | 05/15 | 304.81 |
| 6248 ^ | | 05/28 | 1,150.00 |
| 6250 * ^ | | 06/08 | 112.00 |
| 6251 ^ | | 06/02 | 500.00 |
| 6252 ^ | | 06/01 | 1,580.04 |
| 6253 ^ | | 06/08 | 100.00 |
| 6255 * ^ | | 06/05 | 211.58 |
| **Total Checks Paid** | | | **$4,365.43** |

If you see a description in the Checks Paid section, it means that we received only electronic information about the check,
not the original or an image of the check. As a result, we're not able to return the check to you or show you an image.

* All of your recent checks may not be on this statement, either because they haven't cleared yet or they were listed on
one of your previous statements.

^ An image of this check may be available for you to view on Chase.com.

## ATM & DEBIT CARD WITHDRAWALS

| DATE | DESCRIPTION | | AMOUNT |
|---|---|---|---|
| 05/11 | Card Purchase | 05/08 Exxonmobil    97471718 Wheeling IL Card 1521 | $35.50 |
| 05/11 | ATM Withdrawal | 05/09 850 S Buffalo Grove Buffalo Grove IL Card 1521 | 80.00 |
| 05/11 | Card Purchase | 05/09 Shell Oil 5744408510 Buffalo Grove IL Card 1521 | 56.25 |
| 05/11 | Card Purchase | 05/09 175 Mchenry Rd Buffalo Grove IL Card 1521 | 120.00 |
| 05/11 | ATM Withdrawal | 05/10 2801 Dundee Rd Northbrook IL Card 1521 | 60.00 |
| 05/11 | Card Purchase | 05/10 Staples    00116897 Wheeling IL Card 1521 | 31.31 |
| 05/11 | ATM Withdrawal | 05/11 1350 E Algonquin Rd Algonquin IL Card 1521 | 60.00 |
| 05/12 | Card Purchase | 05/10 Hong Kong Chop Suey Mundelein IL Card 1521 | 41.40 |
| 05/13 | Card Purchase | 05/12 Exxonmobil    97471718 Wheeling IL Card 1521 | 56.75 |
| 05/13 | ATM Withdrawal | 05/13 150 W Boughton Rd Bolingbrook IL Card 1521 | 80.00 |
| 05/14 | ATM Withdrawal | 05/14 850 S Buffalo Grove Buffalo Grove IL Card 1521 | 80.00 |
| 05/14 | ATM Withdrawal | 05/14 4200 Dundee Rd Northbrook IL Card 1521 | 80.00 |
| 05/15 | Card Purchase | 05/14 Shell Oil 5744408510 Buffalo Grove IL Card 1521 | 54.00 |
| 05/15 | ATM Withdrawal | 05/15 4198 IL Route 83 Long Grove IL Card 1521 | 60.00 |
| 05/18 | Card Purchase | 05/15 Pine Meadow Golf Club Mundelein IL Card 1521 | 76.00 |
| 05/18 | Card Purchase | 05/15 Shell Oil 57444088603 Deer Park IL Card 1521 | 42.42 |
| 05/18 | Card Purchase | 05/15 Target    00013854 Wheeling IL Card 1521 | 87.47 |
| 05/18 | Card Purchase | 05/16 Fuddruckers 3126 Schaumburg IL Card 1521 | 21.89 |
| 05/18 | ATM Withdrawal | 05/16 4198 IL Route 83 Long Grove IL Card 1521 | 80.00 |
| 05/18 | ATM Withdrawal | 05/16 4198 IL Route 83 Long Grove IL Card 1521 | 80.00 |
| 05/18 | Card Purchase | 05/17 Garden Fresh Munde Mundelein IL Card 1521 | 213.68 |
| 05/18 | ATM Withdrawal | 05/18 1190 S Elmhurst Rd Mount Prospec IL Card 1521 | 80.00 |
| 05/19 | Card Purchase | 05/17 Walgreens #4067 Buffalo Grove IL Card 1521 | 31.22 |
| 05/20 | Card Purchase | 05/19 Exxonmobil    97471718 Wheeling IL Card 1521 | 58.25 |
| 05/20 | Card Purchase | 05/19 Buffalo Grove Bp 153 Buffalo Grove IL Card 1521 | 41.30 |
| 05/20 | ATM Withdrawal | 05/20 2311 N US Highway 12 Spring Grove IL Card 1521 | 120.00 |
| 05/20 | ATM Withdrawal | 05/20 2311 N US Highway 12 Spring Grove IL Card 1521 | 120.00 |
| 05/20 | ATM Withdrawal | 05/20 2311 N US Highway 12 Spring Grove IL Card 1521 | 120.00 |

# CHASE ⬡

May 09, 2015 through June 08, 2015



## ATM & DEBIT CARD WITHDRAWALS  *(continued)*

| DATE | DESCRIPTION | | AMOUNT |
|------|-------------|--|-------:|
| 05/21 | Card Purchase | 05/20 Exxonmobil   971201 Franklin Park IL Card 1521 | 71.34 |
| 05/21 | ATM Withdrawal | 05/21 2150 Bloomingdale Rd Glendale Heig IL Card 1521 | 80.00 |
| 05/21 | ATM Withdrawal | 05/21 850 S Buffalo Grove Buffalo Grove IL Card 1521 | 80.00 |
| 05/26 | Card Purchase | 05/22 Exxonmobil   97471718 Wheeling IL Card 1521 | 63.00 |
| 05/26 | Card Purchase | 05/23 Binnys Beverage Depo Buffalo Grove IL Card 1521 | 38.14 |
| 05/26 | ATM Withdrawal | 05/24 850 S Buffalo Grove Buffalo Grove IL Card 1521 | 120.00 |
| 05/26 | Card Purchase | 05/25 Mcdonald's F17883 Wheeling IL Card 1521 | 11.20 |
| 05/26 | ATM Withdrawal | 05/25 175 Mchenry Rd Buffalo Grove IL Card 1521 | 80.00 |
| 05/26 | Card Purchase | 05/25 Exxonmobil   97471718 Wheeling IL Card 1521 | 57.00 |
| 05/26 | ATM Withdrawal | 05/26 43 E Golf Rd Arlington Hei IL Card 1521 | 60.00 |
| 05/28 | Card Purchase | 05/27 Exxonmobil   97471718 Wheeling IL Card 1521 | 59.70 |
| 05/28 | ATM Withdrawal | 05/28 850 S Buffalo Grove Buffalo Grove IL Card 1521 | 80.00 |
| 05/29 | Card Purchase | 05/28 Buffalo Grove Bp 153 Buffalo Grove IL Card 1521 | 31.50 |
| 05/29 | ATM Withdrawal | 05/29 255 Skokie Valley Rd Highland Park IL Card 1521 | 80.00 |
| 05/29 | ATM Withdrawal | 05/29 55 E Euclid Ave Mount Prospec IL Card 1521 | 80.00 |
| 06/01 | Card Purchase | 05/29 Exxonmobil   97471718 Wheeling IL Card 1521 | 58.78 |
| 06/01 | Card Purchase | 05/29 Geico  *Auto Macon DC Card 1521 | 215.11 |
| 06/01 | Card Purchase | 05/29 Geico  *Auto Macon DC Card 1521 | 154.76 |
| 06/01 | Card Purchase | 05/29 Egs*Nicor Gas 800-794-1630 PA Card 1521 | 498.42 |
| 06/01 | Card Purchase | 05/29 Walgreens #4067 Buffalo Grove IL Card 1521 | 56.16 |
| 06/01 | ATM Withdrawal | 05/30 55 E Euclid Ave Mount Prospec IL Card 1521 | 140.00 |
| 06/01 | Card Purchase | 06/01 Foxlake Bp Fox Lake IL Card 1521 | 63.00 |
| 06/01 | ATM Withdrawal | 06/01 2311 N US Highway 12 Spring Grove IL Card 1521 | 120.00 |
| 06/01 | ATM Withdrawal | 06/01 2311 N US Highway 12 Spring Grove IL Card 1521 | 120.00 |
| 06/02 | Card Purchase | 06/01 United Supply Company Charlotte NC Card 1521 | 138.80 |
| 06/02 | ATM Withdrawal | 06/02 4145 W Peterson Ave Chicago IL Card 1521 | 80.00 |
| 06/02 | Recurring Card Purchase | 06/01 Legalzoom.Com 800-7730888 CA Card 1521 | 263.08 |
| 06/03 | Card Purchase | 06/02 Culver's Buffalo G Buffalo Grove IL Card 1521 | 14.48 |
| 06/03 | ATM Withdrawal | 06/03 175 Mchenry Rd Buffalo Grove IL Card 1521 | 120.00 |
| 06/03 | ATM Withdrawal | 06/03 175 Mchenry Rd Buffalo Grove IL Card 1521 | 100.00 |
| 06/04 | Card Purchase | 06/03 Exxonmobil   97471718 Wheeling IL Card 1521 | 68.00 |
| 06/04 | Card Purchase | 06/03 Kemper Lakes Golf Cours Kildeer IL Card 1521 | 110.63 |
| 06/08 | Card Purchase | 06/05 IL Tollway-Cull Ctr-5 800-824-7277 IL Card 1521 | 40.00 |
| 06/08 | Card Purchase | 06/05 Exxonmobil   97471718 Wheeling IL Card 1521 | 48.50 |
| 06/08 | Card Purchase | 06/05 Wm Supercenter #1735 Wheeling IL Card 1521 | 96.74 |
| 06/08 | Card Purchase | 06/06 Stonewall Orchard Golf Grayslake IL Card 1521 | 92.00 |
| 06/08 | ATM Withdrawal | 06/08 1190 S Elmhurst Rd Mount Prospec IL Card 1521 | 60.00 |
| 06/08 | Recurring Card Purchase | 06/08 Geico  *Auto 800-841-3000 DC Card 1521 | 369.87 |

**Total ATM & Debit Card Withdrawals**                                    **$6,087.65**

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-M2-001791
PAGE 26 of 31



24-Jun-15   24Jun15-73

THIS PAGE IS PART OF A STATEMENT REQUEST
GROUP ID G24Jun15-73

## CHASE ◻

May 09, 2015 through June 08, 2015

## OVERDRAFT AND RETURNED ITEM FEE SUMMARY

| | Total for This Period | Total Year-to-date |
|---|---|---|
| Total Overdraft Fees * | $.00 | $117.00 |
| Total Returned Item Fees | $.00 | $136.00 |

* Total Overdraft Fees includes Insufficient Funds Fees, and Extended Overdraft Fees

## IMAGES

See both front and back images of cleared checks at Chase.com. If you're not enrolled in this free service, please enroll now.

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-N2-00179I
PAGE 27 of 31



06246 $407.00

06247 $304.81

06248 $1,150.00

06250 $112.00

06251 $500.00

06252 $1,580.04

24-Jun-15                                                                                          24Jun15-73

THIS PAGE IS PART OF A STATEMENT REQUEST
GROUP ID G24Jun15-73



**CHASE**

May 09, 2015 through June 08, 2015

(continued)

See both front and back images of cleared checks at Chase.com. If you're not enrolled in this free service, please enroll now.



06253 $100.00                                06255 $211.58

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-N2-001791
PAGE 28 of 31

24-Jun-15    24Jun15-73

THIS PAGE IS PART OF A STATEMENT REQUEST
GROUP ID G24Jun15-73

# CHASE ○

May 09, 2015 through June 08, 2015

**Note: Ensure your checkbook register** is up to date with all transactions to date whether they are included on your statement or not.

1. Write in the Ending Balance shown on this statement:    Step 1 Balance:  $_____

2. List and total all deposits & additions not shown on this statement:

| Date | Amount | Date | Amount | Date | Amount |
|------|--------|------|--------|------|--------|
| | | | | | |
| | | | | | |

Step 2 Total:   $_____

3. Add Step 2 Total to Step 1 Balance.    Step 3 Total:   $_____

4. List and total all checks, ATM withdrawals, debit card purchases and other withdrawals not shown on this statement.

| Check Number or Date | Amount | Check Number or Date | Amount |
|----------------------|--------|----------------------|--------|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Step 4 Total:   -$_____

5. Subtract Step 4 Total from Step 3 Total.  This should match your Checkbook Balance:  $_____

IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS: Call or write us at the phone number or address on the front of this statement (non-personal accounts contact Customer Service) if you think your statement or receipt is incorrect or if you need more information about a transfer listed on the statement or receipt.  We must hear from you no later than 60 days after we sent you the FIRST statement on which the problem or error appeared.  Be prepared to give us the following information:
- Your name and account number
- The dollar amount of the suspected error
- A description of the error or transfer you are unsure of, why you believe it is an error, or why you need more information.
We will investigate your complaint and will correct any error promptly.  If we take more than 10 business days (or 20 business days for new accounts) to do this, we will credit your account for the amount you think is in error so that you will have use of the money during the time it takes us to complete our investigation.

IN CASE OF ERRORS OR QUESTIONS ABOUT NON-ELECTRONIC TRANSACTIONS: Contact the bank immediately if your statement is incorrect or if you need more information about any non-electronic transactions (checks or deposits) on this statement.  If any such error appears, you must notify the bank in writing no later than 30 days after the statement was made available to you.  For more complete details, see the Account Rules and Regulations or other applicable account agreement that governs your account.

JPMorgan Chase Bank, N.A. Member FDIC

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-M2-001791
PAGE 29 of 31

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-M2-001791
PAGE 30 of 31

# **EXHIBIT G**

# AFFIDAVIT

### Case No. : 2014 M2 001791

Sheracey Hooper , certifies and declares as follows:

1.  I am over the age of 18 years and not a party to this action.
2.  My business address is 14800 Frye Road, Fort Worth, Texas 76155.
3.  I am a custodian of records for Chase Bank USA, N.A. in the National Subpoena Processing Department located in Fort Worth, Texas.
4.  Based on my knowledge of Chase Bank USA, N.A. 's business records practices and procedures, the enclosed records are a true and correct copy of the original documents kept by Chase Bank USA, N.A. in the ordinary course of business.
5.  Based on my knowledge of Chase Bank USA, N.A. 's business records practices and procedures, the records were made at or near the time of the occurrence of the matters set forth in the records by, or from information transmitted by, a person with knowledge of those matters.
6.  It is the regular practice of Chase Bank USA, N.A. to make such a record of transactions in the ordinary course of business.

I declare under penalty of perjury, under the laws of the State of Texas, that the foregoing is true and correct.

Dated: 6/04/2015

By: _Sheracey Hooper_

Sheracey Hooper
Document Review Specialist
Texas Subpoena Processing

Sworn to before me this 26th day of June, 2015

_Lavonne Christine Gray_
Notary Public

6/11/16
Commission Expires

ELECTRONICALLY FILED
7/1/2015 6:39 PM
2014-M2-001791
PAGE 31 of 31

SD_SwornDocumentExecution_000019380090
SB654953-F1



LAVONNE CHRISTINE GRAY
Notary Public, State of Texas
My Commission Expires
June 11, 2016

ELECTRONICALLY FILED
7/1/2015 6:45 PM
2014-M2-001791
ROOM: 0204
PAGE 1 of 2
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
SUBURBAN MUNICIPAL DIVISION
CLERK DOROTHY BROWN

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**SECOND MUNICIPAL DISTRICT, CIVIL DIVISION**

| | | |
|---|---|---|
| ROBERT GOLDEN, an Individual, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2014 M2 001791 |
| | ) | |
| LANNY GIBRICK, an Individual, | ) | Room 202 |
| d/b/a ALAN'S DRAPERIES, INC., | ) | |
| an Illinois Corporation | ) | |
| (involuntarily dissolved). | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION FOR ATTORNEY'S FEES POST-JUDGMENT

NOW COMES Plaintiff ROBERT GOLDEN, by and through his attorney, The Law Offices of Brendan R. Appel, LLC, and petitions this Honorable Court for an award of post-judgment attorneys fees against Defendant LANNY GIBRICK d/b/a ALAN'S DRAPERIES, INC., and in support thereof, states as follows:

1.    Default judgment was entered against the Defendant on December 16, 2014 in the amount of $16,374.23 plus costs. This award included $3,374.23 for Plaintiff's attorney's fees and costs.

2.    The award of attorney's fees was proper because Plaintiff's claim was for violations of the Illinois Deceptive Business Practices Act, which permitted this Court to provide reasonable attorney's fees and costs to the prevailing party. 815 ILCS 505/10(b)(c).

3.    Plaintiff, a prevailing party on a final judgment, has continued to incur costs and attorney's fees in pursuit of its judgment. These costs and fees have been compounded by

Defendant's lies under oath during a Citation examination and violations of Plaintiff's Citation to Discover Assets. See Plaintiff's Rule to Show Cause against Defendant.

4.    This Honorable Court may award post-judgment attorney's fees under the Act, or as a sanction for Defendant's violations.

WHEREFORE, Plaintiff, ROBERT GOLDEN, respectfully requests that this Court award him attorney's fees post-judgment against Defendant LANNY GIBRICK d/b/a ALAN'S DRAPERIES, INC., in an amount to be proved by affidavit, and for such further relief as this Court deems just and necessary.

**Dated:**        **July 1, 2014**

ELECTRONICALLY FILED
7/1/2015 6:45 PM
2014-M2-001791
PAGE 2 of 2

Respectfully submitted,

The Law Offices of Brendan R. Appel, LLC
Attorney for Plaintiff

The Law Offices of Brendan R. Appel, LLC
Brendan R. Appel
Alex P. Blair
191 Waukegan Road, Suite 360
Northfield, Illinois 60093
(847) 730-4224        (847) 730-4114 (facsimile)
Attorney No.: 38354

# EXHIBIT J

# LAW OFFICES OF BRENDAN R. APPEL, LLC

191 Waukegan Road
Suite 360
Northfield, Illinois 60093

Telephone: 847.730.4224
Facsimile:  847.730.4114



BRENDAN R. APPEL
*Managing Attorney*
bappel@balegal.com

ALEX P. BLAIR
*Associate Attorney*
ablair@balegal.com

March 17, 2015

**<u>VIA U.S. MAIL</u>**

Lanny Gibrick
501 Thorndale Drive
Buffalo Grove, IL 60089

**Re:    *Alan's Draperies Order No. 3294***

Dear Mr. Gibrick:

As you requested, enclosed please find a settlement agreement that allows you to make payments towards paying off the judgment entered against you in the above-entitled case.  Please contact me with any questions.  If you agree with the settlement, please sign and return the agreement to me.

Very truly yours,

**LAW OFFICES OF BRENDAN R. APPEL, LLC**

Brendan R. Appel

Enclosure

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between **Robert Golden** (hereinafter "Robert") and **Lanny Gibrick d/b/a Alan's Draperies, Inc.** (hereinafter "Lanny").

## I.   RECITALS

**WHEREAS,** Robert and Lanny entered into a contract on or about March 18, 2014 for Lanny to provide and install various window treatments including sheers, blinds and drapes (hereinafter the "Contract").

**WHEREAS**, Robert filed a lawsuit against Lanny for breach of contract, violations of the Consumer Fraud & Deceptive Business Practices Act, and common law fraud in the Circuit Court of Cook County numbered 14 M2 001791 (the "Lawsuit"). Robert obtained a judgment by default against Lanny on December 16, 2014 for $16,374.23 plus costs and interests (the "Judgment"). The Judgment included $8,000.00 in compensatory damages, $5,000.00 in punitive damages for fraud, and $3,374.23 in attorney's fees and costs. To date, the amount of the Judgment with interest and costs is $16,863.59 (the "Agreed Judgment Amount").

**WHEREAS**, Lanny wishes to enter into a payment plan in order to satisfy the judgment and avoid incurring future interest charges, the Parties have reached a mutually acceptable agreement for settlement of their disputes.

## II.   INCORPORATION OF RECITALS

The recitals set forth above are incorporated by reference as terms of this Agreement and are a material part of the consideration for this Agreement.

## III.   CONSIDERATION FOR THE SETTLEMENT AGREEMENT

**1.**     Lanny will pay to Robert a total of $16,863.59.   Payments of the $16,863.59 will be made by thirty-three (33) individual monthly payments of $500, and one (1) payment of $363.59. The payments will be made in certified funds, payable to "Law Offices of Brendan R. Appel, LLC" at 191 Waukegan Road, Suite 360, Northfield, Illinois 60093, in accordance with the payment schedule attached hereto as Exhibit A.

**2.**     So long as the payments are timely made pursuant to this Agreement, Robert will take no further enforcement action on the Judgment and will agree to defer post-judgment interest beyond the Agreed Judgment Amount. Post-judgment interest will continue to accrue at the statutory rate during the life of this Agreement. Once Lanny makes all payments as set forth in Exhibit A, Robert will waive all rights to the accrued outstanding post-judgment interest. At all times during this Agreement, Lanny shall retain the right to repay the outstanding balance of the Agreed Judgment Amount in full, without penalty. Such repayment shall have the same effect of making all scheduled payments as contemplated by Exhibit A.

**3.**     The parties agree that Lanny has a seven (7) day grace period to pay the amounts owed in Exhibit A.  Should Lanny fail to pay on the date due or within the grace period, Robert shall be

entitled accelerate the balance then due, including the accumulated statutory post-judgment interest from the date of the Judgment, and take any enforcement proceeding against Lanny as allowed by law. In the event of a breach of this Agreement by Lanny, Robert shall be entitled to an award of his attorney's fees and costs incurred to enforce this Agreement.

## IV.   GENERAL PROVISIONS

**4.**     Each of the Parties affirms and acknowledges that it has fully read and appreciates and understands the words, terms, conditions, and provisions of this Agreement, is fully and entirely satisfied with the same, and has executed this Agreement voluntarily and of their own free act and will. Each of the Parties further represents and warrants that each of the persons executing this Agreement on its behalf has full and complete legal authority to do so, and to thereby bind the Parties on behalf of whom the Agreement is executed.

**5.**     The terms of this Agreement are contractual in nature. The headings are for convenience only and do not limit the described paragraphs in any manner.

**6.**     The terms of this Agreement constitute the entire agreement between and among the Parties hereto superseding all prior oral and written agreements between the Parties, and shall inure to the benefit of and bind the Parties hereto, their heirs, legatees, devisees, executors, successors, administrators, and assigns. This Agreement may not be altered, amended, modified or otherwise changed in any manner except by written instrument executed by the Parties hereto.

**7.**     It is agreed that the illegality or invalidity of any term or clause of this Agreement shall not affect the validity of the remainder of this Agreement, and the  Agreement  shall  remain  in full force and effect as if any such illegal or invalid  term or clause of this Agreement were not contained herein.

**8.**     This Agreement shall be construed in accordance with Illinois Law.

**9.**     This Agreement consists of four (4) pages, and may be executed in one or more counterparts, each of which will be deemed an original, but all of which together shall constitute one and the same instrument.

**10.**     Each party entered into this agreement freely and without duress. Robert was represented by counsel. Lanny had the opportunity to retain counsel but knowingly waived the right to be represented by counsel.

**11.**     This Agreement represents the collaborative drafting of the Parties. Accordingly, no provision of this Agreement shall be deemed to have been drafted by either Party or their attorney. Therefore, any uncertainty or ambiguity shall not be construed against either Party as the drafter of such uncertain or ambiguous provision.

**12.**     Nothing in this Agreement shall be read as refuting, waiving or denying any claim made in the Lawsuit. This Agreement consists solely of an enforcement agreement between Robert as sole Judgment creditor and Lanny as Judgment debtor.

**13.** At the election of Robert and without notice, the full amount of the Agreed Judgment Amount plus post-judgment interest from the date of this Agreement, less the paid installments made prior to, shall become at once due and payable in the event of the filing by or against Lanny of any bankruptcy action or the declaration of bankruptcy by Lanny.

**IN WITNESS WHEREOF,** each of the Parties has executed this Agreement on the date and year written below.

Date:                  March_____, 2015.

**Robert Golden**                                              **Lanny Gibrick d/b/a**
                                                               **Alan's Draperies, Inc.**

By: _____                    _____

## EXHIBIT A

### PAYMENT SCHEDULE

|   | Payment Due Date | Payment Amount | Balance Owed |
|---|---|---|---|
| 1 | 4/1/2015 | $500.00 | $16,363.59 |
| 2 | 5/1/2015 | $500.00 | $15,863.59 |
| 3 | 6/1/2015 | $500.00 | $15,363.59 |
| 4 | 7/1/2015 | $500.00 | $14,863.59 |
| 5 | 8/1/2015 | $500.00 | $14,363.59 |
| 6 | 9/1/2015 | $500.00 | $13,863.59 |
| 7 | 10/1/2015 | $500.00 | $13,363.59 |
| 8 | 11/1/2015 | $500.00 | $12,863.59 |
| 9 | 12/1/2015 | $500.00 | $12,363.59 |
| 10 | 1/1/2016 | $500.00 | $11,863.59 |
| 11 | 2/1/2016 | $500.00 | $11,363.59 |
| 12 | 3/1/2016 | $500.00 | $10,863.59 |
| 13 | 4/1/2016 | $500.00 | $10,363.59 |
| 14 | 5/1/2016 | $500.00 | $9,863.59 |
| 15 | 6/1/2016 | $500.00 | $9,363.59 |
| 16 | 7/1/2016 | $500.00 | $8,863.59 |
| 17 | 8/1/2016 | $500.00 | $8,363.59 |
| 18 | 9/1/2016 | $500.00 | $7,863.59 |
| 19 | 10/1/2016 | $500.00 | $7,363.59 |
| 20 | 11/1/2016 | $500.00 | $6,863.59 |
| 21 | 12/1/2016 | $500.00 | $6,363.59 |
| 22 | 1/1/2017 | $500.00 | $5,863.59 |
| 23 | 2/1/2017 | $500.00 | $5,363.59 |
| 24 | 3/1/2017 | $500.00 | $4,863.59 |
| 25 | 4/1/2017 | $500.00 | $4,363.59 |
| 26 | 5/1/2017 | $500.00 | $3,863.59 |
| 27 | 6/1/2017 | $500.00 | $3,363.59 |
| 28 | 7/1/2017 | $500.00 | $2,863.59 |
| 29 | 8/1/2017 | $500.00 | $2,363.59 |
| 30 | 9/1/2017 | $500.00 | $1,863.59 |
| 31 | 10/1/2017 | $500.00 | $1,363.59 |
| 32 | 11/1/2017 | $500.00 | $863.59 |
| 33 | 12/1/2017 | $500.00 | $363.59 |
| 34 | 1/1/2018 | $363.59 | $0.00 |

# LAW OFFICES OF BRENDAN R. APPEL, LLC

191 Waukegan Road
Suite 360
Northfield, Illinois 60093

Telephone: 847.730.4224
Facsimile:  847.730.4114



BRENDAN R. APPEL
*Managing Attorney*
bappel@balegal.com

ALEX P. BLAIR
*Associate Attorney*
ablair@balegal.com

May 19, 2015

**<u>VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED</u>**

Lanny Gibrick
501 Thorndale Drive
Buffalo Grove, IL 60089

*Re:*     *Golden v. Gibrick; 2014 M2 001791*

Dear Mr. Gibrick:

Because we have not heard from you regarding our settlement proposal, this firm is resuming collection efforts against you. Enclosed is a Citation to Discover Assets. You are directed to appear for an examination on **June 11, 2015 at 9:30 a.m.** in **Room 202**, at the Cook County District Two Courthouse, which is located at **5600 Old Orchard Road, Skokie, Illinois**. If you fail to appear you could be at risk for contempt of court, as described more fully in the Citation.

Very truly yours,

**LAW OFFICES OF BRENDAN R. APPEL, LLC**

Alex P. Blair

Enclosures

# EXHIBIT K

FILED
12/12/2019 1:34 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
20142001791

7707875

FILED DATE: 12/12/2019 1:34 PM    20142001791

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
SECOND MUNICIPAL DISTRICT, CIVIL DIVISION**

| | | |
|---|---|---|
| ROBERT GOLDEN, an Individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2014 M2 001791 |
| | ) | |
| LANNY GIBRICK, an Individual, | ) | Room 202 |
| d/b/a ALAN'S DRAPERIES, INC., | ) | |
| an Illinois Corporation | ) | |
| (involuntarily dissolved). | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S PETITION FOR RULE TO SHOW CAUSE FOR INDIRECT CIVIL CONTEMPT AGAINST THIRD-PARTY DEFENDANT AND FOR OTHER RELIEF

NOW COMES Plaintiff ROBERT GOLDEN, by and through his attorney, The Law Offices of Brendan R. Appel, LLC, and for his Petition for Rule to Show Cause ("Petition") as to why Third Party Defendant Offsprings2, Inc. d/b/a Vertical Blinds Factory ("Vertical") should not be held in indirect civil contempt of Court for his violation of the Citation to Discover Assets to a Third Party dated June 21, 2019 ("Citation") (attached hereto as **Exhibit A**) and for other relief, states as follows:

### Introduction

Defendant and Judgment Debtor, Lanny Gibrick ("Defendant"), has worked as an independent contractor for Vertical since at least 2015. On June 26, 2019, Vertical was served a Citation to Discover Assets to a Third Party. In disregard of the transfer prohibitions in this Court's Citation, Vertical continued to make payments to the Defendant thereafter in the amount of at least $14,043.00. Therefore, Vertical should be held in indirect civil contempt until the same sum, and attorney's fees incurred in bringing this Petition, is paid over to Plaintiff.

FILED DATE: 12/12/2019 1:34 PM    2014200179

### Common Facts and Procedural History

1.      On December 16, 2014, this Court entered a default judgment against the Defendant in the amount of $16,374.23 and in favor of the Plaintiff. See Judgment dated December 16, 2014 attached hereto as **Exhibit B**.

2.      On June 26, 2019, Vertical was served by U.S. Certified Mail with a Citation to Discover Assets to a Third Party with an attached rider simply requesting copies of "checks written, including the front and back, of all payments made to Lanny Gibrick for any kind of work or services performed during the last forty-eight (48) months." (Ex. A.)

3.      The Citation also prohibited the Vertical "from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which the judgment debtor may be entitled or which may be acquired by or become due to the judgment debtor and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the judgment debtor, until further order of court or termination of the proceedings."

4.      Scott Pinsky, President of Vertical, responded to Plaintiff's counsel with copies of 1099s and only six (6) months of checks written between January 2019 and June 21, 2019.

5.      On July 24, 2019, Scott, as President of Vertical, filed the Answer of Third Party Respondent Citation ("Answer"), including an answer to the Interrogatories that stated he did not have in his possession, custody or control any personal property or monies belonging to the Defendant.

6.      On September 18, 2019, Scott sent copies of checks from 2016, 2017, and 2018.

7.      Due to Vertical's delay in complying with the Rider, Plaintiff's counsel repeatedly requested copies of all additional checks that were paid to the Defendant since June

FILED DATE: 12/12/2019 1:34 PM    20142001791

21, 2019, but Vertical failed to respond. See Emails dated September 18, 2019, September 19, 2019, October 3, 2019, and October 14, 2019 attached hereto as **Exhibit C**.

8.      On November 5, 2019, a conditional judgment was entered against Vertical in the amount of $19,984.72 and the Citation was continued until December 18, 2019 at 1:30 p.m. See Order dated November 5, 2019 attached hereto as **Exhibit D**.

9.      On November 15, 2019, after Plaintiff's counsel sent correspondence and a copy of the conditional judgment, prompting Vertical to provide copies of checks paid to the Plaintiff since June 21, 2019.

10.      On December 10, 2019, Vertical was served by the Cook County Sheriff with an Amended Wage Summons Deduction to Confirm Conditional Judgment. See Cook County Sheriff's Proof of Service attached hereto as **Exhibit E**.

### Count I – Indirect Civil Contempt of Court

11.      On August 2, 2019, based on the Defendant's examination, a new Citation to Discover Assets to a Third-Party was served on Chase for all accounts in the name of the Defendant.

12.      Chase's subsequent response included monthly bank statements from the joint account shared by the Defendant and his son, Justin Gibrick, which showed the following pertinent transactions:

a.   7/11/2019 - $480.00 - QuickPay with Zelle Payment From Offsprings Inc

See Chase Bank Statement dated June 21, 2019 through July 19, 2019 attached hereto as **Exhibit F**.

FILED DATE: 12/12/2019 1:34 PM    2014200179I

13.     On September 5, 2019, the continued citation examination of the Defendant was held outside of Courtroom 202. In relevant part, the Defendant made the following statements/responses during the examination:

    a.  He does not have his own bank account, but uses Justin's Chase account to make deposits and withdrawals;

    b.  He performs work for Offsprings' city stores and payments are deposited through Chase QuickPay into Justin's Chase account;

14.     Vertical additionally paid 19 checks to the Defendant between June 28, 2019 and November 12, 2019 totaling $13,563.00, which were endorsed by the Defendant and deposited. See Check Copies attached hereto as **Exhibit G**.

15.     Between the date the Citation was served and July 24, 2019 when the Answer was filed, Vertical paid 5 checks to the Defendant in the aggregate amount of $3,154.00 and 1 QuickPay in the amount of $480.00 for a total of $3,634.00.

16.     The aforementioned monies were required to be paid to the Plaintiff pursuant to the Citation, but Vertical paid the monies to the Defendant instead.

17.     Vertical made and/or allowed transfers, disposed of, and interfered with property belonging to Defendant that should have been paid to the Plaintiff.

18.     Vertical filed its Answer stating it was not in possession of property belonging to the Defendant despite having possessed at least $3,634.00 – in violation of the 1-109 certification.

19.     Plaintiff has established a *prima facie* case requiring the Court to issue a Rule *instanter* why Vertical should not be held in indirect civil contempt of court for violating the Citation against it.

FILED DATE: 12/12/2019 1:34 PM    20142001791

20.     The court may punish any party who violates the restraining provision of a citation as and for a contempt. 735 ILCS 5/2-1402(f)(1).

21.     Third Party Defendant Offspings2, Inc. d/b/a Vertical Blinds Factory should be held in indirect civil contempt of Court for its willful (and without just cause) failure to abide by the Citation.

22.     Third Party Defendant Offspings2, Inc. d/b/a Vertical Blinds Factory's unreasonable and wilful actions have forced Plaintiff to incur additional otherwise unnecessary attorney's fees and costs in discovering its violations and in bringing this Petition for Rule to Show Cause before the Court.

WHEREFORE, the Plaintiff, ROBERT GOLDEN, respectfully requests that this Honorable Court:

a.  Issue a Rule to Show Cause *instanter* why the Third Party Defendant, Offspings2, Inc. d/b/a Vertical Blinds Factory, should not be held in indirect contempt of court;

b.  Enter an order finding the Third Party Defendant, Offspings2, Inc. d/b/a Vertical Blinds Factory, in indirect civil contempt of Court for violating this Court's June 21, 2019 Citation;

c.  Order the Third Party Defendant, Offspings2, Inc. d/b/a Vertical Blinds Factory, to pay the full amount that should have been turned over to the Plaintiff while subject to the Citation or, in the alternative, order Scott Pinsky remanded to Cook County Jail until he pays the full amount that should have been turned over to the Plaintiff; and

d.  Order the Third Party Defendant, Offspings2, Inc. d/b/a Vertical Blinds Factory, to pay reasonable attorney's fees and costs and expenses to Plaintiff ROBERT GOLDEN and/or his attorneys for all collection efforts and for bringing and litigating this Petition; and

e.  For such other relief that this Honorable Court deems just and equitable.

FILED DATE: 12/12/2019 1:34 PM    20142001791

Respectfully submitted,

_____

The Law Offices of Brendan R. Appel, LLC
Attorneys for Plaintiff

The Law Offices of Brendan R. Appel, LLC
Brendan R. Appel
Selwyn M. Skevin (Of Counsel)
191 Waukegan Road, Suite 360
Northfield, Illinois 60093
(847) 730-4224
(847) 730-4114 (facsimile)
bappel@balegal.com
Attorney No.: 38354

FILED
12/12/2019 1:34 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
20142001791

FILED DATE: 12/12/2019 1:34 PM   20142001791

# EXHIBIT A

FILED DATE: 10/22/2019 2:09 PM    2014 2001791

FILED
6/21/2019 2:09 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
20142001791

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## MUNICIPAL DEPARTMENT/ ___2ND___ DISTRICT

Robert Golden
_____
                                    Plaintiff

                    v.

Lanny Gibrick d/b/a Alan's Draperies, Inc.        Case No. ___2014 M2 001791___
_____
                                    Defendant

Offsprings2, Inc. d/b/a Vertical Blinds Factory
_____
                                    Respondent

## CITATION TO DISCOVER ASSETS TO A THIRD PARTY

To: __Offsprings2, Inc. d/b/a Vertical Blinds Factory__    9161 N. Milwaukee Ave., Niles, IL 60714

YOU ARE REQUIRED to either file your answer to this Citation on the form appearing on the reverse side or

appear on ___7/25/19___ before 9:30 am in Courtroom ___202___ located at:

- ○ Richard J Daley Center
  50 W Washington
  Chicago, IL 60602
- ● District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077
- ○ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- ○ District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153
- ○ District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455
- ○ District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

Judgment was entered on ___12/16/14___ in favor of Plaintiff ___Robert Golden___ and

against Defendant(s) ___Lanny Gibrick/Alan's Draperies___ in this court under case number ___14M2001791___ in the sum

of $ ___16,374.23___. There is now due, less credit and off-set, sum of $ ___19,341.59___ (Judgment Balance).  Further

sums may become due as costs and interests accrue.

Your answer will inform the Court as to property you may hold belonging to (Judgment Debtor).

You are prohibited from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment, a deduction order or garnishment, property belonging to the judgment debtor or to which s/he may be entitled or which may thereafter be acquired by or become due to him or her, and from paying over or otherwise disposing of any monies not so exempt, which are due to the judgment debtor.  This prohibition shall remain in effect until further order of court or termination of the proceeding.  You are not required to withhold the payment of any monies beyond double the amount of the total sum due the judgment creditor.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois    cookcountyclerkofcourt.org**

**Citation to Discover Assets to a Third Party**                                    **(03/14/18) CCM 0124 B**

If the account consists solely of funds that can be identified as exempt under federal or state law, you are PROHIBITED from FREEZING THE ACCOUNT and YOU MUST RESPOND that the account consists solely of exempt funds. Deposited funds that are exempt under federal and state law include Social Security, SSI, veteran's benefits, Railroad Retirement benefits, public assistance benefits, unemployment compensation benefits and/or circuit breaker property tax relief benefits.

WARNING: Your failure to comply with the citation proceeding may result in a judgment being entered against you for the unsatisfied amount of this judgment. 735 ILCS 5/2-1402(f)(1).

WARNING: Your failure to appear in court or file you answer as directed may cause you to be arrested and brought before the court to answer to a charge of contempt of court, which may be punishable by imprisonment in the county jail.

---

**CERTIFICATION BY JUDGMENT CREDITOR OR ATTORNEY FOR JUDGMENT CREDITOR**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109), the undersigned certifies that the above information regarding the amount of the judgment, the date of the judgment, or its revival date, the balance due thereon, the name of the court and the number of the case is true and correct.

---

Signature: _Selwyn Shevin_

6/21/2019 2:09 PM DOROTHY BROWN

Atty. No.: 38354

Atty Name: Law Offices of Brendan R. Appel

Atty. for: Plaintiff

Address: 191 Waukegan Road, Suite 360

City: Northfield   State: IL

Zip: 60093

Telephone: 847-730-4224

Primary Email: BAPPEL@BALEGAL.COM

Seal of Court

Clerk of the Court _____

Citation to Discover Assets to a Third Party                                    (03/14/18) CCM 0124 C

## ANSWER OF THIRD PARTY RESPONDENT CITATION

This first section must be filled out by the judgment creditor.

Citation/Respondent: Offsprings2, Inc. d/b/a Vertical Blinds Factory          Court Date: 7/25/19

Defendant's Name  Lanny Gibrick/Alan's Draperies      SSN. xxx-xx- 2717      Case No. 2014 M2 001791

Judgment Balance: $ _____ 19,341.59

This is a Citation:  Freeze up to double the Judgment Balance

## INTERROGATORIES

1.  On the date of service of the citation, did you have in your possession, custody or control any personal property or monies belonging to the judgment debtor?  ○ Yes   ○ No

If the answer is "yes" go to the next question.  If "no", go to the instructions.

2.  Is this an IRA account?  Or have all of the deposits made during the past 90 days been electronically deposited and identified as exempt Social Security, Unemployment Compensation, Public Assistance, Veteran's Benefits, Pension or Retirement or by a source drawing from any other statutory exemptions?  ○ Yes   ○ No

If the answer is "yes" go to the next question.  If "no", go to the instructions.

3.  Is/Are the account(s)' current balance(s) equal to or less than the total of the exempt deposits?  ○ Yes   ○ No

If you answered "yes" to all three (3) questions and funds in the account(s) are exempt, do not freeze the funds.  Go to the "instructions" below.

4.                                      Account Balance                Amount Withheld

A.  Savings Account                 $ _____            $ _____

B.  Check/MMA/Now Account          $ _____            $ _____

C.  Certificate of Deposit           $ _____            $ _____

D.  Trust Account/Other             $ _____            $ _____

(Describe) _____

E.  Safety Deposit   ○ Yes   ○ No

F.  Land Trust No. _____

G.  Less Right of Offset for Loans                              $ _____

Total Amount Frozen:    $ _____

5.  List all electronic deposits into account(s) and their source(s) except deposits:

Account No.                          Source                     Monthly Amount

_____        _____        $ _____

_____        _____        $ _____

_____        _____        $ _____

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois    cookcountyclerkofcourt.org**